Hugh S. Coyle, J.
In this article 78 proceeding, petitioners, taxpayers and residents of the Town of Eastchester, seek to review and annul a determination of the Zoning Board of Appeals, which denied as untimely their appeal to said board from a decision of the building inspector. The latter official issued a building permit to respondent, Vaivén Holding Corp. authorizing the construction of a bowling alley. Both of the respondents, the Zoning Board of Appeals and Vaivén Holding Corp., have appeared herein specially by their attorneys solely for the purpose of challenging the jurisdiction of this court. It is undisputed, and in fact admitted by counsel for the petitioners on the argument of this application, that the petition and order to show cause were served on the respondent Vaivén Holding Corp., more than 30 days after the decision of the Zoning Board of Appeals was filed in the office of the Town Clerk. Accordingly, in view of the provisions of subdivision 7 of section 267 of the Town Law and the holding in the case of Matter of Sipala v. Zoning Board of Appeals of Town of Huntington (2 Misc 2d 1048) and the consent of the attorney for the petitioners, the petition must be dismissed as to the respondent Vaivén Holding Corp.
*220 The sole remaining question to be determined is the sufficiency of the service of the petition and order to show cause upon the respondent, Zoning Board of Appeals. The facts concerning said service are again undisputed. No member of the Zoning Board of Appeals, consisting of five members, was served, nor was the chairman or other presiding officer, secretary or clerk of said Zoning Board served. It appears from the papers that the only service made was as provided in the order to show cause, to wit, service upon Joseph Ferone, Esq., Town Attorney, who is not a member of said board or an officer thereof.
An article 78 proceeding is a statutory proceeding and in order to commence such proceeding, the statutory requirements must be complied with. In the absence of express statutory language as to how the proceeding must be commenced, service in the manner directed in the order to show cause pursuant to section 1289 of the Civil Practice Act, might have been sufficient. However, where the statute explicitly and unequivocally prescribes that if the respondent is a board, having a chairman or other presiding officer, secretary or clerk, service upon one of the latter individuals shall be sufficient; otherwise service shall be made upon a majority of the members of the board. Such statutory direction must be followed. In the case of Matter of Levine v. Lending (176 Misc. 462) petitioner failed to comply with the statute in that he served an affidavit with the order to show cause instead of a petition as required by the statute. The court held that the failure to comply with the provisions of the statute necessitated a dismissal of the application purportedly commencing an article 78 proceeding. In the instant case, the petitioners failed to comply with the mandatory prerequisites of the statute as to the service required on a board in order to properly commence this proceeding against the said board. This court did not acquire jurisdiction over the respondent Zoning Board of Appeals and the preliminry objection made by counsel for said board that the petition must be dismissed upon the ground- that the proceeding was not instituted as prescribed by article 78 of the Civil Practice Act must be granted.
Settle order.