■ In the Matter of PETER PAN PLAYLAND, INC., Respondent, v. MAX H. FOLEY et al., Constituting the Board of Standards and Appeals of the City of New York, Appellants.— This is a proceeding under article 78 of the Civil Practice Act, to review the determination of the Board of Standards and Appeals of the City of New York, which: (a) denied an application for a zoning variance of an unused portion of a certain tract of land so as to permit its use as a parking lot; and (b) affirmed the decision of the Brooklyn Borough Superintendent of the city's Building Department, denying an application for a permit for such use on the ground that the proposed use is contrary to the city's Zoning Resolution. In such proceeding the board, based upon the petition and its return, made a cross motion to dismiss the petition and to vacate the certiorari order issued thereon. The board appeals from an order of the Supreme Court, Kings County, dated March 21, 1960, which denied its cross motion, granted the petition, annulled the board's determination and directed it to grant forthwith the variance sought. Order reversed on the law and the facts, with costs, and the petition dismissed. Findings of fact contained in the Special Term's opinion which may be inconsistent herewith are reversed and new findings are made as indicated herein. On April 23, 1954, petitioner took a lease to an entire block of vacant land, the southerly boundary of which fronts on Emmons Avenue, in the Sheepshead Bay area of Brooklyn. The frontage on Emmons Avenue, for a depth of 100 feet, is zoned for retail uses, and the remaining major portion of the block is restricted to residential uses. In June, 1954, petitioner installed children's amusement devices and refreshment facilities, in the retail area portion, and has been operating these as a business since that time. A zoning amendment which became effective on January 13, 1955, prohibited the use of such amusement devices in the retail district, and hence their use after such date was permissible only because of their prior use. At the time petitioner took the lease the entire block was completely unimproved; and the portion in the residential district still is vacant and unproductive. The vari-

ance sought is to permit, in the portion zoned for residential use, the parking of automobiles of patrons of the business conducted in the retail portion. The application for the variance was made by both the owner (the lessor) and the petitioner, on the grounds of practical difficulties and unnecessary hardship, under section 21 of the Zoning Resolution of the City of New York. The owner had acquired title to the land in 1948. The record contains substantial support for the determination of the board, namely: (1) that it has not been shown that the residence portion could not be profitably used for residential purposes if the nonconforming use on the retail portion were discontinued; (2) that there is nothing unique about the situation that does not flow from petitioner's own use of the retail portion; and (3) that there are a substantial number of residential improvements in the immediate vicinity, with promise of more to come (cf. *Matter of Steers* v. *Rembaugh,* 259 App. Div. 908, affd. 284 N. Y. 621). Under the circumstances, the court may not substitute its judgment for that of the board, and therefore the petition must be dismissed (*People ex rel. Hudson-Harlem Val. Tit. & Mtge. Co.* v. *Walker,* 282 N. Y. 400, 405; *Matter of Levy* v. *Board of Standards & Appeals,* 267 N. Y. 347, 351). Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.