Walter R. Hart, J.
In this article 78 proceeding brought by property owners seeking a review and annulment of a determination of the respondent, the Board of Standards and Appeals of the City of New York, granting an area variance to the intervenors herein, motion is made on behalf of the respondent board for an order dismissing the petition and sustaining and affirming the determination of the board.
The variance, in substance and effect, permits the erection of a somewhat larger apartment house upon the subject property than would otherwise he permitted under the area district requirements imposed by the Zoning Resolution with respect to the site here involved. The application for the variance was granted under section 21 of the Zoning Resolution which empowers the board to grant a variance where conformance to the resolution would create practical difficulties or unnecessary hardships.
While the hoard based its determination granting the variance, upon both of the afore-mentioned grounds, it should be noted that since the grant herein was for an area variance, as distinguished from a use variance, unnecessary hardship is not required to be shown and the self-imposed hardship rule does not apply (Matter of Village of Bronxville v. Francis, 1 A D 2d 236, affd. 1 N Y 2d 839 ; Siegel v. Lassiter, 6 A D 2d 879).
Bearing in mind that the members of the hoard in reaching a determination need not restrict themselves to a consideration only of the testimony of witnesses, hut may draw upon their *932 own personal knowledge and facts of which they are possessed by reason of their special and peculiar qualifications (see People ex rel. Fordham Manor Ref. Church v. Walsh, 244 N. Y. 280, 287). it cannot be said that the board’s determination, based upon the findings set forth in Paragraph thirty-fifth of its return, had no rational support in the record. In view thereof, the board’s determination must be sustained.
Petitioner’s preliminary objection that the notice of the intervenors’ application for a variance was misleading, is without substance. There is no evidence that any of the interested parties were in fact misled to their detriment. The petitioners’ complaint that the board permitted the intervenors to file revised plans of the proposed building and heard arguments from the intervenors ’ representatives regarding those plans after the hearing upon the application had been closed, is similarly without merit. It appears that these plans were designed to eliminate certain of the objections raised at the earlier hearing before the board and did not increase the extent or nature of the variance in any respect; indeed, it appears that the revised plans incorporated a reduction in the relief sought. The instant motion is accordingly granted in all respects and the proceeding is dismissed.