■ In the Matter of ARTHUR A. GREY, JR., Respondent, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents, and ANTHONY SADOWSKI, Appellant.— In a proceeding under section 330 of the Election Law, to set aside the primary election held in Queens County on June 2, 1964 for the Democratic party position of assembly district leader (male) in the Thirteenth Assembly District, Part B, in that county, in which election the petitioner Arthur A. Grey, Jr., was the unsuccessful candidate, Anthony Sadowski (the successful candidate) appeals from an order and judgment (one paper) of the Supreme Court, Queens County, entered July 28, 1964 after a hearing, which granted the application and directed a new primary election for said party position. Order and judgment affirmed, without costs (*Matter of Barnes* v. *Power*, 9 A D 2d 694, mot. for lv. to app. den. 7 N Y 2d 707). Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.

■ In the Matter of CATHERINE GRONSKI, Respondent, v. HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Appellant.— In a proceeding pursuant to article 78 of the Civil Practice Act, to review a determination of the City Rent and Rehabilitation Administrator which denied the petitioner's application for a certificate of eviction, the Administrator appeals (1) from an order of the Supreme Court, Kings County, made May 7, 1964 upon reargument, which annulled the determination and which directed issuance of the certificate; and (2) from an order of said court, made June 29, 1964 again upon reargument, which adhered to the original decision. Appeal from order of May 7, 1964 dismissed as academic, without costs. Such order was superseded by the subsequent order of June 29, 1964, granting reargument. Order of June 29, 1964 reversed on the law, without costs, and petition dismissed, without costs. The findings of fact below are affirmed. In our opinion, the Administrator's determination had a reasonable basis and therefore should not have been annulled (see *Matter of Friedman* v. *Weaver,* 3 N Y 2d 123; *Matter of Link* v. *Caputa,* 10 A D 2d 882). Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.

■ In the Matter of VLADIMIR MARKOVICH et al., Respondents, v. RALPH FERIOLA et al., Constituting the Zoning Board of Appeals of the City of Yonkers, Appellants. LEONARD KAUFMAN et al., Intervenors-Appellants.— In a proceeding pursuant to article 78 of the former Civil Practice Act, to review and annul a determination of the Zoning Board of Appeals of the City of Yonkers, made June 18, 1963 after a hearing, granting to the intervenors a variance so as to permit the erection of an apartment house containing 74 apartments, the board and the intervenors appeal from a judgment of the Supreme Court, Westchester County, entered December 13, 1963, which annulled said determination and variance. (See 41 Misc 2d 1051.) Judgment affirmed, without costs. Unlike *Matter of Satin* v. *Board of Stds. & Appeals* (28 Misc 2d 931, affd. 15 A D 2d 531, mot. for lv. to app. den. 11 N Y 2d 643), in which adequate proof was submitted and appropriate findings made, here there was a complete failure to comply with the local zoning ordinance which requires the board's "specific finding or findings, supported by evidence produced at a public hearing" as a condition precedent to the grant of a variance, whether the variance be a use variance or an area variance. Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.