John P. Cohalan, Jr., J.
Petitioner has instituted three proceedings to review determinations of the Board of Zoning Appeals of the Town of Smithtown. The respondent Board of Appeals, in each instance, has moved to dismiss the proceeding upon the ground that the court has not obtained jurisdiction of the parties. Respondent contends that the service in each proceeding upon the Deputy Town Clerk of the Town of Smithtown is insufficient; that such service does not permit this court to *986 entertain the proceedings. The time within which the proceedings may be instituted is provided for in section 267 of the Town Law, which permits an appeal to this court within 30 days after the filing of the decision of the Board of Appeals with the Town Clerk. Service in each instance was made within the 30-day period. There is nothing in this section of the Town Law that provides for the manner of service. CPLB 312 provides for service upon a board or commission having a chairman, secretary or clerk. It also provides that personal service may be made upon a member of such board or commission. Due service of process must be made within 30 days in order to obtain a review of the determination of the Board of Zoning Appeals. (See Tarrant v. Village of Roslyn, 10 A D 2d 37, affd. no opinion 8 N Y 2d 1129.) In an action or proceeding against a town or village, service upon a Deputy Town or Village Clerk in sufficient. (Gandolfo v. Village of Ossining, 4 A D 2d 762.) In the instant matters, however, the proceedings are against the Zoning Board of Appeals of .the Town of iSmithtown, which, as specified in the papers before the court, has a chairman and board members. In addition, said board has a secretary and clerk. There appears to be no authority in the instant matter for service of process on the Deputy Clerk of the Town of 'Smithtown. (See 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 312.02.)
The motion to dismiss each proceeding is accordingly granted.