George L. Cobb, J.
In this article 78 proceeding* the petitioners seek judgment annulling a determiation of the respondent Commissioner of Education dated April 2, 1970 dismissing an appeal to him by the petitioners under section 310 of the Education Law. In their appeal to the Commissioner the petitioners had challenged the action of the respondent Board of Education of Middle Island Central School District No. 12 of the Town of Brookhaven, Suffolk County, in suspending the petitioner John Reid from required attendance upon instruction at the Longwood High School and had sought his readmission to the schools of the district. In the proceeding now before the court the petitioners ask that the respondent Board of Education be directed to provide an alternate means of education for John Reid or take immediate steps for his commitment.
The Commissioner found no proof in the record before him on the appeal that the petitioners, at the time John Reid was suspended, were deprived of their right to the fair hearing on reasoable notice with representation by counsel required by section 3214 (subd. 6, par. c) of the Education Law. The Commissioner also determined that the Board of Education is under no legal obligation to continue to provide education for John Reid. In his answer in this proceeding, the Commissioner alleges that the petition does not state facts sufficient to constitute a cause of action and asks that it be dismissed on the merits.
It is the petitioners’ contention that section 3214 (subd. 6, par. e) of the Education Law was not complied with after John Reid had been suspended. This statute provides, in the case of a minor who is suspended as insubordinate or disorderly, that immediate steps shall be taken for his commitment, or for his attendance upon instruction elsewhere.
Section 3205 (subd. 1, par. a) of the Education Law provides that in each school district of the State, each minor from 6 to 16 years of age shall attend upon full time instruction. By subdivision 11 of section 2 of the Education Law the term “ child of compulsory school age ” is defined to mean any child between 7 and 16 years of age lawfully required to attend upon instruction. Section 3214 (subd. 5) of the Education Law, in providing for the commitment of a school delinquent, states that in no case may he be ordered to attend upon instruction after he reaches the maximum age of required attendance. A fair reading* of these statutes would indicate that the provi *720 sions of section 3214 (subd. 6, par. e) requiring that upon suspension of a minor ‘ ‘ immediate steps shall be taken for his commitment as provided in this section, or for his attendance upon instruction elsewhere ’ ’ refer only to minors who may be compelled to attend school. Since it appears that John Reid was 16 years of age at the time of his suspension and over the age of compulsory school attendance, the Commissioner’s determination that the Board of Education is under no legal obligation to continue to provide education for John Reid has a basis in law.
By section 310 of the Education Law, the decision of the Commissioner of Education on an appeal to him is made final and conclusive and is not subject to question or review in any place or court whatever. However, the Court of Appeals has held that a determination of the Commissioner does not have finality and may be reviewed if such determination is shown to be “ purely arbitrary ”. (Matter of Vetere v. Allen, 15 N Y 2d 259, 267; Matter of Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127, 136.) The papers before the court in this proceeding disclose nothing which would lead the court to conclude that the determination reached by the Commissioner is purely arbitrary.
The court finds that the decision of the Commissioner sought to be reviewed herein is neither arbitrary nor illegal, and it is, therefore, final and conclusive.
The respondent Board of Education has moved to dismiss the petition as a matter of law on the grounds that the proceeding was not properly instituted against it and that it was not timely brought. It appears that an amended notice of petition was mailed to the attorneys for the Board of Education on August 26, 1970. However, no personal service of the notice of petition or the amended notice of petition was made on the school district. There was no order to show cause and no direction by court order for service by mail. The statutory requirements for personal service (CPLR 403, subd. [c]; CPLR 311, subd. 7) of the notice of petiton in a special proceeding (CPLR 7804, subd. [a]) not having been met, no jurisdiction has been acquired over the Board of Education. Furthermore, the proceeding not having been commenced (CPLR 304) against the Board of Education within four months after the determination to be reviewed became final and binding, it is barred by the Statute of Limitations (CPLR 217).
Accordingly, the petition is denied in all respects and the proceeding is dismissed.