Stewart F. Hancock, Jr., J.
Asserting that this court lacks jurisdiction, the respondents have moved to dismiss this proceeding to review a decision of the Board of Zoning Appeals for the Town of Camillus. They contend that the proceeding was improperly commenced pursuant to CPLR 312 by service of the *284 petition upon Paul Weisse, a member of the board, instead of on Jack B. Gifford, the board’s duly appointed chairman.
CPLB 312 provides, insofar as applicable: “ Personal service upon a board or commission having a chairman or other presiding officer, secretary or ólerk, by whatever official title he is called, may be made by delivering the summons toffiim. Personal service upon any other board or commission shall be made by delivering the summons to any one of the members.”
The- sole question is whether, as respondents maintain, in a proceeding against a board which has a chairman, or a secretary, or a clerk, the petitioners are restricted to .serving such person pursuant to the first quoted sentence of CPLB 312, or whether in such case the petitioners may also, at their option, properly serve a member of the board as provided in the last sentence.
It is this court’s conclusion that the Legislature in the first-quoted. .sentence of CPLB 312 intended to provide an alternative, optional method of commencing an action or proceeding against a board or commission which has- a chairman, secretary or clerk, in addition to the method provided in .the last sentence which applies generally to all boards or commissions with or without such officials.
Bespondents ’ interpretation requires giving mandatory effect, to the permissive or discretionary word “may” in the first quoted sentence; i.e., interpreting the word as though it were “must”. There is nothing about the context of the statute, the facts surrounding its enactment or the purposes sought to be served thereby to dictate such.interpretation. That being so, the word ‘ ‘ may ’ ’ should be given its usual meaning and treated as permissive. (See McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 177, subds. a, b.)
Furthermore, respondents’ interpretation, if adopted, in the case of boards or commissions which have duly designated a chairman, a clerk or a secretary (officials who may not necessarily be members of the board of commission for which they act), restricts the persons on whom process may be served to such designated official or officials, thereby substantially reducing the size of the group which would otherwise be available for service. Anomalous and decidedly unfair situations could occur. For example, in the case of a board or commission without a chairman or .secretary but with a duly designated clerk, who (as in the case of the Camillus Zoning Board of Appeals) is not a member of the board, only one person under respondents’ view of the statute — the nonmember clerk — could be *285 served, even though all of the members were present to receive process. In such case, if the clerk were absent or unavailable, how could an action or proceeding be commenced? It seems highly unlikely that the Legislature could have intended this result which has the effect of making it more difficult for a party to commence an action or proceeding against a board with a chairman, a clerk, or a secretary, than against one which has no such official.
No decision on the precise question has been found, although in the Matter of Frances Rose Homes v. Commerdinger (44 Misc 2d 985), a case involving a town zoning board of appeals which had a chairman, a secretary and a clerk, the court suggests that service could properly have been made on such officials or on any one of the board members, stating: “ CPLR 312 provides for service upon a board or commission having a chairman, secretary or clerk. It also provides that personal service may be made upon a member of such board or commission.” (44 Misc 2d 985, 986, supra).
To similar effect, see the dictum in Matter of Pearl v. Keller (20 Misc 2d 219), indicating that under section 1289 of the former Civil Practice Act service on a majority of the board or on any one of the enumerated officials would be sufficient.
The applicable language in CPLR 312 is derived from the last two sentences of section 1289 of the Civil Practice Act which provided: “ If the respondent is a board or commission having a chairman or other presiding officer, secretary or clerk, by whatever official title he is called, service upon one of the latter individuals shall be sufficient-, otherwise service shall be made upon a majority of the members of the board or commission.” (emphasis supplied).
The words *1 shall be sufficient ’ ’ in connection with service on one of the enumerated officials are clearly permissive, not mandatory. No change in substance from section 1289 of the Civil Practice Act appears in CPLR 312 except that the requirement for service on a majority of a court, board or commission is altered to allow service on any one Judge or member. According to the legislative committee reports concerning revision of the Civil Practice Act, this change is “in accordance with the objective of simplifying service ”. The reports also state that the last two sentences of section 1289 of the Civil Practice Act, except for the one change in substance, were only 1‘ slightly modified ’’when enacted into CPLR 312, denoting that any other changes were minor language changes and not of substance. (See note McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, *286 § 312, p. 291 pertaining to Legislative Studies and Reports; Fifth Preliminary Report [N. Y. Legis. Doc., 1961, No. 15, p. 270] j Sixth Report [N. Y. Legis. Doc., 1962, No. 8, p. 110.])*
With no evidence of legislative intent to make such a change, it would clearly be error to assume, as respondents urge, that the Legislature by replacing the permissive words “ shall be sufficient ” in the old statute with the permissive word “ may ” in the new section intended to change the meaning of the statute so as to make service on one of the enumerated officials mandatory and the exclusive method of commencing a proceeding against a board where such official exists. Such a change would hardly be in accordance with the legislative “ objective of simplifying service ”. (Fifth Report [N. Y. Legis. Doc., 1961, No. 15, p. 270]; Sixth Report [N. Y. Legis. Doc., 1962, No. 8, p. 110].) Furthermore, such an interpretation would be contrary to the rule stated by the Court of Appeals in Schneider v. Schneider (17 N Y 2d 123) "which holds that where the Legislature has enacted a general code revision, specifically the replacement of the Civil Practice Act by the CPLR, minor changes in language will not be interpreted as changes in substance or meaning unless the legislative purpose is clear.
Respondents ’ motion is, therefore, denied without costs. They are granted 30 days to answer the petition, which, when issue is joined, should be renoticed for argument at the first Special Term for motions to be held thereafter in Onondaga County. It appears to this court that the matter should, if possible, be heard at the same time and together with the companion proceeding to review the same action of the Camillus Board of Zoning Appeals, Matter of Town Bd. of Town of Camillus v. Board of Zoning Appeals of Town of Camillus.

 The comment in Sixth Report (N. Y. Legis. Doc., 1962, No. 8, p. 110) is as follows:
“Present Counterpart: N. Y. Civ. Prac. Act §§228 (7), 1289 (last two sentences), slightly modified. Designated in tentative draft as subdivision (g) of proposed rule 25.2, set forth and discussed starting on page 161 of the Second Preliminary Report.
“ Service on a majority of a court, board or commission altered to allow service on any one judge or member. This change is in accordance with the objective of simplifying service(emphasis supplied).