In the Matter of OSBORN ELLIOTT et al., Appellants, *v.* THOMAS F. GALVIN et al., Constituting the Board of Standards and Appeals of the City of New York, et al., Respondents.

First Department, January 11, 1973.

*Frans J. J. Van Heemstra* for appellants.

*Daniel Eisenberg* of counsel (*Eisenberg & Weiss,* attorneys), for 211 East 70th Street Company, respondent.

*Alfred Weinstein* of counsel (*Stanley Buchsbaum* with him on the brief; *Norman Redlich, Corporation Counsel*), for Thomas F. Galvin and others, respondents.

*Otis Pratt Pearsall* of counsel (*Hughes Hubbard & Reed,* attorneys), for Municipal Art Society of New York and others, *amici curiae.*

STEUER, J. Respondent Board of Standards and Appeals granted to the owner, 211 East 70th Street Company, a zoning variance allowing the owner to construct a building which in many respects exceeds the restrictions for the district. The

petitioners are owners of property in the same city block. This article 78 proceeding seeks to have the grant annulled.

The petition seeks this relief purely on the ground that the respondent acted without authority and that no question of discretion or interpretation of evidence is relied on. Indisputably, the respondent's authority is a creature of statute. In order to grant a variance the board must find certain facts or conditions to exist. These criteria are found in Zoning Regulations section 72-21 which provides that a variance may be granted where "there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such provision." The section then goes on to define what is a practical difficulty or unnecessary hardship. To find such a condition to exist the board must find (1) a unique physical condition arising from irregularity, narrowness or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to and inherent in the particular lot, and that the bulk provisions of the zoning regulations, because of those conditions and not because of circumstances created generally by the strict application of the zoning provision, will cause the unnecessary hardship or practical difficulty; (2) that because of such physical conditions there is no reasonable probability that a building conforming to the bulk provisions will enable the owner to realize a reasonable return; and (3) certain other facts not applicable in this situation.

The lot in question runs from 70th to 71st Streets between Second and Third Avenues and has a frontage of 200 feet on 71st Street and 230 feet on 70th Street. It is about 80 feet east of Third Avenue and has no avenue frontage. There are no physical peculiarities in the terrain. It is obviously neither narrow nor shallow and, while not a perfect rectangle, it is not irregular to an extent that difficulty is presented on account of the shape.

Respondent found that: "The irregular shape of the lot and its division by different zoning districts and bulk regulations inhibit the development of a conforming building which will bring a reasonable return to the owners. In addition, a conforming building would require unacceptable design limitations. The unique location, shape and different zoning division interfere with the maximum use and utilization of that portion of the lot which is located in a C1-9 district."

The slightly irregular shape of the lot was, however, never advanced as a ground of difficulty or hardship. In fact, the owner conceded that three different structures could be built

on the land that would conform to the zoning regulations, but that these would not yield a satisfactory return. Nothing in the shape of the lot presented any difficulty in the way of construction or utilization of the lot, nor was there any attempt to show that the shape was so extraordinary that the lot could be considered unique or even unusual in that respect. Nor is the fact that the lot embraces two different use allowances of any significance at all. No use variance was applied for, nor was there any attempt to show that the use to which the lot could be put in any way affected difficulty of construction or the anticipated return. And in fact the variance granted had absolutely no relation to use in any respect.

What the variance grants in lay terms is a reduction in the open space of 36,552 square feet, 53.5%, an increase in the allowable floor area of 128,925 square feet, 43.58%, and an increase in the height of the building by 17 stories. These variances are substantial and in fact amount to an amendment of the zoning provisions rather than the allowance of an exception to them. This is sought to be overcome by supposedly pragmatic reasons, to wit, that the proposed building would supply a badly needed type of housing and the cost of the lot necessitates a building with more rentable space than the regulations permit in order to provide an adequate return. These are not considerations which the respondent board is empowered to consider. Absent a condition of practical difficulty or unnecessary hardship due to the physical condition of the lot, there is a total lack of power to grant an exception. No such condition was shown or in reality ever claimed. The purely formal language of the finding does not contradict this or serve as a viable basis for the board's ruling.

The judgment entered in New York County dated October 17, 1972, dismissing petition should be reversed on the law, and petition granted with costs to appellants from respondent 211 East 70th Street Company.

McGIVERN, J. P., NUNEZ and MURPHY, JJ., concur.

Judgment, Supreme Court, New York County, entered on October 17, 1972, dismissing petition, unanimously reversed on the law, and the petition granted. Appellants shall recover $60 costs and disbursements of this appeal from respondent 211 East 70th Street Company.