Jambs Gibson, J.
Objection in point of law no. 2 sustained and petition dismissed, without costs.
That the employer is a necessary party to his employee’s article 78 proceeding brought, basically, to accomplish the employee’s reinstatement in the employment seems too clear to require extended discussion (CPLR 1001). Necessarily, and as a matter of1 course, the employer — the Comptroller — was a party to the appeal prosecuted before the commission and petitioner suggests no reason for depriving the employer of participation in this further review process. The direct and operative determination is that to dismiss petitioner, as made by the Comptroller. It is that decision, essentially, if not nominally, which is to be tested by the Appellate Division upon application of the rules governing administrative determinations and it is that decision which the -Comptroller is entitled to defend in this proceeding. The Civil Service -Commission is not the employer; and it is the employer, and not the body exercising appellate authority, which is to be bound by the ultimate determination as to the propriety of the Comptroller’s áction and by a direction for affirmative action on his part, in the event the petitioner should succeed.
That the officer or body which is both the employer and the agency making the disputed determination is a necessary party in a situation such as this is implicit in two recent decisions of this court — Matter of Reid v. Nyquist (65 Misc 2d 718) and Matter of Sandor v. Nyquist (Albany Spec. Term, Feb. 23, 1973). In Candor the petition was dismissed “ on the ground that the proceeding was not commenced as against respondent Board of Education, the party sought to be bound by the determination prayed for in the petition, by service upon a member of the board or the clerk of the board within four months after the determination to be reviewed became final upon the petitioner OCPLR 304, 403, subd. [c]; 311, subd. [7] ; 217; Matter of Reid v. Nyquist, 65 Misc 2d 718).” (And, see, Matter of Pasternack v. Nyquist, Albany Spec. Term, Feb. 22, 1974.)