◼ In the Matter of HARLEM RIVER CONSUMERS COOPERATIVE, INC., Respondent, v. STATE TAX COMMISSION, Appellant.— Appeal, by permission, from an order of the Supreme Court at Special Term, entered September 8, 1973 in Albany County, which denied a motion to dismiss the petition. The petition, pursuant to CPLR article 78, sought annullment of a determination of the State Tax Commission, ruling that the Harlem River Consumers Cooperative, Inc., is a stock corporation which does not qualify for taxability under section 185 of the Tax Law and affirming certain notices of deficiency. The basis for the motion is that jurisdiction of the State Tax Commission was not obtained in that the notice of petition and petition were forwarded to it by registered mail and were not served upon any member thereof or on anyone authorized by it to accept service on its behalf and, also, that service of said papers was not made on the Attorney-General as required by CPLR 7804 (subd. [c]). A proceeding under article 78 is a special proceeding (CPLR 7804, subd. [a]) which is commenced and in which jurisdiction is acquired by service of a notice of petition or order to show cause (CPLR 304). Unless the court grants an order to show cause to be served in lieu of a notice of petition at a time and in a manner specified therein, a notice of petition, together with the petition and affidavits specified in the notice, shall be served on any adverse party (CPLR 7804, subd. [c]). A notice of petition shall be served in the same manner as a summons in an action (CPLR 403, subd. [c]).

CPLR 312 provides that: "Personal service upon a board or commission having a chairman or other presiding officer, secretary or clerk, by whatever official title he is called, may be made by delivering the summons to him. Personal service upon any other board or commission shall be made by delivering the summons to any one of the members." Although the State Tax Commission is a "commission having a chairman", personal service upon the chairman was not mandatory, proper service upon any one of the members of said commission being sufficient (*Matter of Evans* v. *Gardner*, 71 Misc 2d 283, 284–285). In the absence of an order authorizing service in a manner other than that provided for by CPLR 403 (subd. [c]), service of the notice of petition and petition by mail upon the State Tax Commission was insufficient to confer jurisdiction over that body (*Matter of Fox* v. *New York State Tax Comm.*, 68 Misc 2d 963; *Matter of Reid* v. *Nyquist*, 65 Misc 2d 718, 720; *Matter of Cadwell* v. *Du Mond*, 200 Misc. 359, 360). Since service upon the commission was jurisdictionally defective and requires dismissal of the petition, it is unnecessary to decide whether the failure to serve the Attorney-General pursuant to CPLR 7804 (subd. [c]) would be fatal in any event (see, generally, *Matter of Chem-Trol Pollution Servs.* v. *Ingraham*, 42 A D 2d 192, 193–194; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7804.05a; Supplementary Practice Commentary by Joseph M. McLaughlin, McKinney's Cons. Laws of N. Y., Book 7B, CPLR .7804, 2214). Order reversed, on the law, and petition dismissed, without costs. Greenblott, J. P., Cooke, Kane, Main and Reynolds, JJ., concur.