■ THOMAS P. PERKOWSKI, Respondent, v CITY OF GLENS FALLS, Appellant.—Order, Supreme Court, Warren County, entered February 18, 1975, affirmed, without costs, on the opinion of Soden, J., at Special Term. Herlihy, P. J., Greenblott, Sweeney, Koreman and Reynolds, JJ., concur.

■ In the Matter of JOHN GREANEY, Appellant, v ERSA H. POSTON et al., Constituting the Civil Service Commission of the State of New York, Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered March 7, 1974 in Albany County, which dismissed petitioner's application in a proceeding pursuant to CPLR article 78 for failure to join a necessary party. Petitioner was a Senior Attorney in the Department of Audit and Control, and, pursuant to section 75 of the Civil Service Law, he was charged with misconduct in the maintenance and use of his attendance and leave credits on May 21, 1971. Following a hearing on the matter, the State Comptroller sustained the charges and discharged petitioner from his position in a decision handed down on June 21, 1971. Petitioner thereupon appealed to the Civil Service Commission, pursuant to section 76 of the Civil Service Law, and, on July 3, 1973, the commission affirmed the Comptroller's findings and the penalty of discharge. Seeking a review of the commission's determination and his reinstatement with back pay, petitioner then commenced the instant proceeding solely against the commission. Upon an objection in point of law by respondents, however, Special Term ruled that the State Comptroller was a necessary party to this proceeding and dismissed the petition, as noted above, because he had not been so joined. On this appeal, the question presented is whether the Comptroller is a necessary party so as to justify the dismissal of the petition. We hold that he is not. Were we to rule otherwise, petitioner would be left without an effective remedy because the Comptroller was admittedly not served within the statutory time limits. In our opinion, such a radical result is unnecessary, however, since the interests of the Comptroller will presumably be protected by the respondent commission and, in any event, any possible prejudice thereto can be avoided by the Comptroller's intervention in the proceeding pursuant to CPLR 1012 (subd [a], par 2). Additionally, should the court determine that petitioner was discharged in a purely arbitrary manner, an effective order could still be rendered in the absence of the Comptroller as a party because subdivision 3 of section 76 of the Civil Service Law empowers the commission to direct petitioner's reinstatement. Under all these circumstances, we find that the failure to join the Comptroller should be excused in the interests of justice (see CPLR 1001, subd [b]), and that the proceeding should be permitted to go forward (cf. *Matter of Sandor v Nyquist,* 45 AD2d 122). Judgment reversed, on the law and in the interests of justice, without costs; motion denied, and matter remitted to Special Term for further proceedings not inconsistent herewith. Herlihy, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur. [77 Misc 2d 884.]