■ In the Matter of ROBERT E. CROISSANT, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF WOODSTOCK, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Pennock, J.), entered June 6, 1980 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Zoning Board of Appeals of the Town of Woodstock. Petitioner owns a gasoline filling station in the Town of Woodstock. Commencing in 1978, petitioner initiated a series of four applications to the zoning board of appeals of that town seeking permission to construct and operate two additional service bays and a car wash station using mechanical equipment. The use of mechanical equipment for car washing is prohibited in gasoline stations by the zoning ordinance of the Town of Woodstock. Automatic car washes are permitted by right in the district zoned for light industrial uses. The board previously granted petitioner a variance to permit the additional service bays but denied permission for the mechanized car wash station. In a CPLR article 78 proceeding brought to annul the fourth and last board determination filed October 1, 1979, Special Term granted judgment in favor of petitioner and ordered the matter remitted to the board for a determination in compliance with its decision. The board has appealed. Initially, we reject respondent's contention that jurisdiction was lacking because petitioner served the notice and petition on a board member instead of on its chairman or secretary (CPLR 312). A plain reading of that statute is required (see *Marcus Assoc. v Town of Huntington,* 45 NY2d 501, 505; *Matter of Erie County Agric. Soc. v Cluchey,* 40 NY2d 194, 200). Absent indication of a contrary legislative intent, service of process upon a board chairman or secretary should be interpreted as optional, in accordance with the statute's permissive language, and personal service upon any other board member was thus sufficient *(Matter of Evans v Gardner,* 71 Misc 2d 283; see *Matter of Harlem Riv. Consumers Coop. v State Tax Comm.,* 44 AD2d 738, 739, affd 37 NY2d 877). Special Term opined that the zoning ordinance, being some 15 years old, was outdated and outmoded in proscribing mechanical car washing equipment at gasoline filling stations, and further found that there was a community need for a mechanical car wash. Holding that the board relied upon an ordinance "of questionable relevance," Special Term annulled its determination as arbitrary and capricious. We disagree and reverse. This article 78 proceeding not having been converted into an action for declaratory judgment, its scope is limited to the issues of whether respondent's determination was based on substantial evidence or was arbitrary, capricious or unlawful (CPLR 7803; see *Matter of Overhill Bldg. Co. v Delaney,* 28 NY2d 449). Petitioner's attack on the validity of the ordinance as antiquated and as an excessive or unnecessary use of police power is thus not properly made an issue in this proceeding. Further, his arguments on that issue are matters for a legislative body. In his pursuit of a variance to allow mechanized car washing at his gasoline filling station, petitioner has the burden of proving his entitlement to the variance. Petitioner, in his application, did not specify whether he sought a use variance or an area variance. On this appeal he argued that he

sought an area variance, which requires a lower standard of proof of entitlement than does an application for a use variance. An area variance permits deviation from strict compliance with the zoning ordinance's requirements for, as an example, the physical characteristics of premises, so long as the purposes for which the premises are intended to be used are permitted by the ordinance *(Matter of Overhill Bldg. Co. v Delaney,* 28 NY2d 449, 453-454, *supra).* However, a use variance often proposes a change in the character of the premises and involves a utilization not permitted by the ordinance *(Matter of Village of Bronxville v Francis,* 1 AD2d 236, affd 1 NY2d 839). It is clear that the construction of an addition to the service station to house an automatic car wash requires a use variance, not an area variance. To qualify for a use variance, petitioner has the burden of proving that "unnecessary hardship" will result from a denial (2 Anderson, New York Zoning Law and Practice [2d ed], § 18.07). Thus, he must prove that (1) his land cannot yield a reasonable return if used only for the permitted purposes; (2) his plight is due to unique circumstances and not general conditions in the neighborhood which may reflect that the ordinance may be unreasonable; and (3) the use under the proposed variance will not alter the essential character of the locality *(Matter of Otto v Steinhilber,* 282 NY 71, 76). It appearing that neither allegation nor proof of economic hardship or injury was offered, the application was properly denied. Petitioner has failed to show his entitlement to a use variance under the requisite "hardship" criteria *(Matter of Crossroads Recreation v Broz,* 4 NY2d 39). Petitioner's proof of a more profitable use of his property under the proposed variance (see *Matter of Markovich v Feriola,* 41 Misc 2d 1051, affd 22 AD2d 691; 2 Anderson, New York Zoning Law and Practice [2d ed], § 18.38), and assertions of community need and service do not warrant a variance (see *Matter of Elliot v Galvin,* 40 AD2d 317, 319, revd on other grounds 33 NY2d 594; *Matter of Markovich v Feriola, supra).* Petitioner did not prove that he was deprived of a reasonable return from the operation of a gasoline filling station in compliance with the ordinance *(Matter of Otto v Steinhilber, supra).* Accordingly, the board's denial of a use variance was not arbitrary, capricious or an abuse of discretion *(Matter of Falvo v Kerner,* 222 App Div 289). Since respondent's determination was not arbitrary or contrary to law, it was error for Special Term to substitute its judgment for that of the board *(Matter of Fiore v Zoning Bd. of Appeals of Town of Southeast,* 21 NY2d 393, 396). Judgment reversed, on the law, with costs, determination confirmed, and petition dismissed. Mahoney, P.J., Sweeney, Casey, Weiss and Herlihy, JJ., concur.