■ In the Matter of BRUCE J. HOWES, Appellant, v L. H. LANGENDORFER et al., Constituting the Zoning Board of Appeals of the Town of Sidney, Respondents.—Mahoney, P. J. Appeal from an amended judgment of the Supreme Court (Mugglin, J.), entered July 24, 1987 in Delaware County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Zoning Board of Appeals of the Town of Sidney denying petitioner's request for a use variance.

In December 1986, petitioner purchased a parcel of land on the south side of Main Street in the Town of Sidney, Delaware County. The lot is 50 feet wide at Main Street, 285 to 340 feet deep and contains a two-family house. On the adjacent parcel to the east, Jesse F. Howes has operated various business enterprises for the past 60 years. There are two parcels of land adjacent to the west boundary of petitioner's lot, also owned by Jesse F. Howes. The first parcel borders on Main Street and contains a house and garage, and the second parcel is behind the house and contains a lumber yard. The applicable zoning ordinance, which became effective one year prior to petitioner's purchase, zoned all of the land described above for residential use. Thus, the commercial uses of land surrounding the lot are nonconforming uses which will not be tolerated upon death of the owner, transfer or abandonment of that commercial use.

Petitioner purchased the lot with knowledge of its residential zoning and with the intention of modernizing the lot for continued commercial use after obtaining a use variance. On January 20, 1987, however, petitioner's application for a use variance was denied by the Zoning Board of Appeals of the Town of Sidney despite his argument that strict application of the residential zoning ordinance would cause him undue hardship. Petitioner then commenced this CPLR article 78 proceeding to review the Zoning Board's determination. Supreme Court dismissed the petition. This appeal ensued.

The standards used to grant a variance differ depending on whether the variance sought is a "use" variance or an "area" variance. A use variance "is one which permits a use of land which is proscribed by the zoning regulations" (2 Anderson, New York Zoning Law & Practice § 23.05, at 164 [3d ed]; *see, Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598). The applicant for a use variance must meet the stringent requirement of proving "unnecessary hardship" *(Matter of Croissant v Zoning Bd. of Appeals,* 83 AD2d 673, 674, *appeal dismissed* 55 NY2d 826). Specifically, the applicant must prove that (1) the land cannot yield a reasonable return on the applicant's investment without the variance, (2) the applicant's problems are due to "unique" circumstances and not due to the general condition of the area, and (3) issuing the variance will not result in a change of the neighborhood's character *(see, Matter of Consolidated Edison Co. v Hoffman, supra,* at 607; *Matter of Croissant v Zoning Bd. of Appeals, supra).* Petitioner argues that he met the unnecessary hardship standard by proving that the lot cannot yield a reasonable return when zoned for residential use. On this point petitioner contends that since it would cost him $30,000 to $35,000 in addition to the $23,500 purchase price to restore the two-story house on the lot to residential use, the $500 per month income from the house would be totally inadequate to cover the approximately $55,000 investment. However, the Zoning Board received other evidence that the cost of restoring the house would only be $8,000. In addition to this large discrepancy in the cost of restoration, we note that petitioner only gave oral testimony of the estimated costs *(see, Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257; *see also, Matter of Crossroads Recreation v Broz,* 4 NY2d 39, 45). Thus, since petitioner failed to introduce evidence sufficiently specific to support the allegation that the lot will not yield a return if zoned

residential, there is a rational basis for the Zoning Board's and Supreme Court's conclusion that petitioner failed to meet this first requirement of "unnecessary hardship".

Next, since the use of parcels surrounding petitioner's lot are nonconforming and the subject lot's substandard size make it unsuitable for residential use, petitioner argues that his problem arises from unique circumstances that justify the issuance of a use variance. While the Zoning Board did not make an express conclusion as to the lot's uniqueness, Supreme Court, in finding the lot not to be unique, stated that "the subject property is no different from three other dwellings to the west fronting on Main Street". Supreme Court made the additional observation that petitioner's claim of uniqueness was predicated upon his own nonconforming use of nearby residentially owned property, a fact which undoubtedly was considered by the Zoning Board in reaching its determination (see, Matter of Peter Pan Playland v Foley, 13 AD2d 546, 547).

Next, petitioner seeks to prove the third element of undue hardship by alleging that the requested variance will not result in a change to the neighborhood's character. While Supreme Court did not address this issue because it felt that petitioner had failed to meet the first two requirements, we nevertheless find that petitioner failed in satisfying this third requirement as well. A large number of neighbors in correspondence to the Zoning Board stated their fear that if the variance was granted, the "House Lot" would look like all other property owned by Howes Building Supply, i.e., unkempt, unpainted and in disarray.

Finally, petitioner is incorrect in his assertion that the Zoning Board and Supreme Court improperly relied on the fact that petitioner's hardship was self-created. Since petitioner bought the lot for use as a parking lot, which is a prohibited use, and petitioner knew of the residential zoning, he cannot now assert hardship (see, Matter of Clark v Board of Zoning Appeals, 301 NY 86, 89, cert denied 340 US 933; Matter of Carriage Works Enters. v Siegel, 118 AD2d 568, 569). The cases cited by petitioner to the contrary involved area variances, not use variances.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss and Yesawich, Jr., JJ., concur.