■ In the Matter of PAUL F. PERRETEN et al., Appellants, v WESTCHESTER COUNTY BOARD OF HEALTH et al., Respondents.— In a proceeding pursuant to CPLR article 78, *inter alia,* to review an order of the respondent Westchester County Board of Health, dated February 23, 1987, which imposed civil penalties for violations of the Westchester County Sanitary Code, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Ferraro, J.), dated August 11, 1987, which dismissed the petition for lack of personal jurisdiction.

Ordered that the order and judgment is reversed, on the law, with costs, and the proceeding is remitted to the Supreme Court, Westchester County, for a determination on the merits.

The Supreme Court erred in concluding that personal juris-diction was lacking because the petitioner served the notice of

petition and petition on a board member instead of on its chairman (CPLR 312). Although the Westchester County Board of Health is a "board * * * having a chairman", personal service upon the chairman was not mandatory. The second sentence of CPLR 312 was intended as an alternative, rather than an exclusive, method of service upon certain boards, as evidenced by the statute's permissive language. Proper service upon any one of the members of the board, in accordance with the general rule set forth in the last sentence of CPLR 312, is sufficient to confer personal jurisdiction over the board (see, Matter of Croissant v Zoning Bd. of Appeals, 83 AD2d 673, appeal dismissed 55 NY2d 826; Matter of Harlem Riv. Consumers' Coop. v State Tax Commn., 44 AD2d 738, affd 37 NY2d 877; Matter of Evans v Gardner, 71 Misc 2d 283; see also, 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 312.02). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.