■ EDWARD ARRIGONI, Respondent, v CONSOLIDATED RAIL CORPORATION, Respondent and Interpleading Plaintiff-Respondent. METROPOLITAN TRANSPORTATION AUTHORITY, Interpleaded Defendant-Appellant.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered March 28, 1989, granting summary judgment to plaintiff Edward Arrigoni for specific performance and denying the cross motion by interpleaded defendant Metropolitan Transportation Authority (MTA), is unanimously modified on the law and facts, to deny plaintiff's motion for summary judgment and to grant that portion of interpleaded defendant's cross motion which sought a declaration of MTA's preferential rights in the property and dismissal of the complaint and the interpleading complaint, and the matter is remanded for trial on the question of damages on the counterclaims, without costs.

Plaintiff commenced this action seeking specific performance of an agreement executed in November of 1986 by which Consolidated Rail Corporation (Conrail) agreed to sell real property known as Highbridge Yard, located in Bronx County, to Bus Associates, Inc., which thereafter assigned its rights under the agreement to plaintiff. A railroad track servicing Bronx Terminal Market runs through the subject property and the agreement retained for Conrail an easement for use of this track.

The agreement further provided at paragraph 3 of the rider: "Purchaser is aware that this Agreement may be subject to the New York State's preferential rights, otherwise known as Section 18 of the Transportation Law of the State of New York."

Section 18 of the Transportation Law (amended by L 1973, ch 998, § 2) gives the State Department of Transportation (DOT) a preferential right to acquire "abandoned railroad transportation property" and prohibits any transfer of such property without notice to and approval by DOT. The 1987 amendment to section 18 did not change this requirement. It merely placed its own definition of "property" in subdivision (6) of section 18. Subdivision (6) of section 18 now defines "property" as "all abandoned railroad property" with two limited exceptions not relevant herein.

Plaintiff's chief argument is that the Highbridge Yard does not fall within the definition of "property" under the pre-1987 version of section 18. Prior to 1987, subdivision (6) of section 18 of the Transportation Law defined "property" in accordance with the definition contained in Highway Law § 30 (2). Plaintiff claims that the definition of "property" under the Highway Law is limited only to rail rights-of-way and other properties needed to support the right-of-way, such as drainage ditches and embankments, and not to Highbridge Yard, a railroad maintenance yard.

Highway Law § 30 (2) empowers the Commissioner of Transportation to condemn "any and all property" required for highways, bridges and culverts as well as such noncorridor properties as spoil banks, ditches, stone quarries and junk yards. Thus, by analogy it cannot reasonably be argued that the term "abandoned railroad transportation property" was intended to be limited to railroad structures and railroad grade crossings and not to contiguous property, such as maintenance yards, used in connection with the operations of such railroad.

The law governing contractual relations is the law in effect at the time the contract was entered into (see, *Dolman v United States Trust Co.*, 2 NY2d 110, 116 [1956]; *Kinney v Kinney*, 48 AD2d 1002 [4th Dept 1975], citing *City of Troy Unit v City of Troy*, 36 AD2d 145 [3d Dept 1971], affd 30 NY2d 549 [1972]). In the absence of clear legislative indication that a statute is to be applied retrospectively, an amendment will generally have prospective effect only. (See, *Matter of Thomas v Bethlehem Steel Corp.*, 63 NY2d 150, 154 [1984], citing McKinney's Cons Laws of NY, Book 1, Statutes § 52, at 101-102.) Thus, the pre-1987 version of section 18 of the Transportation Law is applicable herein even though the date of closing occurred after the effective date of the amendment.

The MTA's argument that the Commissioner of the Depart-

ment of Transportation was a necessary party of this action and that this proceeding should have been commenced pursuant to CPLR article 78 is rejected. This case may be distinguished from *City of New York v Long Is. Airports Limousine Serv. Corp.* (48 NY2d 469, 475 [1979]) since the MTA, as DOT's assignee, holds the right to acquire the property and, as such, presumably will protect the interests of the Commissioner of Transportation. *(See, Matter of Greaney v Poston,* 50 AD2d 653 [3d Dept 1975].)* Concur—Kupferman, Carro, Asch, Rosenberger and Smith, JJ.