OPINION OF THE COURT
Harold J. Hughes, J.
Before this court are CPLR article 78 proceedings brought by Consolidated Rail Corporation (hereinafter Conrail) and the City of Oswego against the Commissioner of Transportation and Paul and Adeline Castaldo. The proceedings were previously consolidated by order signed by Justice Joseph C. Teresi on October 31, 1997. The petitions seek review of a determination made by the Commissioner of Transportation, on or about May 27, 1997, which reversed a previous assignment of rights to the City of Oswego pursuant to Transportation Law § 18, and held that the subject piece of abandoned railroad spur track was not subject to Transportation Law § 18.[1]
FACTS
In or about June 1996, Conrail concluded negotiations with respondents Castaldo with respect to sale of a certain piece of abandoned railroad property located between Utica and West Seneca Streets in the City and County of Oswego. The property is a portion of the right-of-way for a 1.6-mile spur track leading from Conrail’s main line to a Niagara Mohawk steam plant in the northwestern corner of the City. The contract of sale was expressly made subject to the State’s preferential rights to acquire the property under Transportation Law § 18.
In late June, Conrail notified the Department of Transportation (hereinafter DOT) of its intent to sell the property, acknowledged that the property was subject to Transportation Law § 18, and asked DOT to decide whether it wished to exercise its preferential rights. DOT notified Conrail that, although it did not wish to exercise its rights, the City of Oswego *857 was interested in the property and would be receiving DOT’s assigned rights. The assignment to the City was executed by DOT on or about October 3,1996. Accordingly, Conrail canceled its contract with the Castaldos, and entered into a new contract to sell the property to the City on April 1, 1997.[2]
On or about May 27, 1997, at the request of the Castaldos’ attorney, DOT issued a letter reversing the previous assignment of rights to the City, stating that the spur track property at issue was subject to the length exception set forth in Transportation Law § 18 (6) (b) because it was less than one-quarter mile in length.[3] On June 18, 1997, DOT, following its new determination, issued a release of the State’s preferential rights to acquire the property.[4]
DISCUSSION
Petitioners challenge the Commissioner’s reversal of position on several grounds: (1) the determination was arbitrary and capricious in that it failed to properly apply Transportation Law § 18, (2) the Commissioner’s reconsideration of the assignment of preferential rights was unlawful and in excess of jurisdiction, (3) the Commissioner violated due process in failing to give the City an opportunity to be heard, and (4) the Commissioner’s determination constitutes improper rule making outside the procedures set forth in State Administrative Procedure Act § 202. Both respondents oppose the petitions.
At the outset, this court notes that the Commissioner’s determination is not subject to the rule-making provisions of the State Administrative Procedure Act. Rule making, as contemplated by the State Administrative Procedure Act, describes a process by which regulations or codes of general applicability are generated, amended, or repealed by State agencies charged with administering a statute or program (see, State Administrative Procedure Act § 102 [2] [a]). No action taken by the Com *858 missioner in the instant matter fits that description. The determination made was simply one of interpreting a statute on the facts of a particular, individual case.[5] As such, petitioners’ arguments that the determination constitutes improper rule making are without merit.
Nor does this court find merit in the position asserted by petitioners that the Commissioner was without authority or beyond his jurisdiction when he revisited his determination at the request of the Castaldos. Petitioners offer no authority for the premise that an agency cannot reconsider and reverse a determination on its own accord or upon request of a third party. The only arguments offered on this point highlight the reliance on the assignment by the City and the prejudice suffered by it because the assignments could not be relied upon. The court agrees that such an argument raises an interesting issue, but in light of the two independent bases for reversal discussed below, this court will not explore this point further.
Moreover, the City’s position that its due process rights were violated because it was never given notice or an opportunity to be heard is, likewise, belied by the record. A review of the letter by which DOT reversed its original determination shows that an opportunity to contest the determination was provided prior to the issuance of the release: “If there is any information about this matter which any party wishes to raise at this time, please promptly notify the Department” (see, City’s petition, exhibit F).
Despite the court’s treatment of petitioners’ preceding arguments, reversal herein is warranted. The primary contention of petitioners is that the Commissioner acted arbitrarily and capriciously by misinterpreting and misapplying the exception of Transportation Law § 18 (6) (b) to the facts of this case. On this point the court agrees. Having reviewed the record and evidence in this case, no rational basis for the Commissioner’s interpretation of the statute can be found. This result is reached on at least two bases which will be set forth independently.
*859 First, petitioners contend that the Commissioner erred by using the length of the parcel to be sold—here, 1,137 feet—as the measurement of the property for statutory purposes. Instead, they assert that the length of the entire spur track— over 1.6 miles—is the appropriate measure under the language of the statute. This court emphatically agrees. The plain language of the statute states that an exception applies for: “side and spur track properties not greater than one-fourth mile in length” (Transportation Law § 18 [6] [b]). The only interpretation of this language which does not create a statutory-purpose[6] destroying loophole is an interpretation which requires the Commissioner to consider the over-all length of the spur track itself and not simply the length of the property to be sold. Were the length of the parcel to be sold the appropriate measure, then the statute could be easily circumvented by chopping spur tracks into discrete parcels of less than one-quarter mile each, and selling the parcels individually. Under such an interpretation, the statute could be completely avoided. Contrarily, if over-all length is the measure, only those spur tracks which total less than one-fourth of a mile—notably small parcels—could be excepted from the statutory process.[7] Thus, when the Commissioner applied the inappropriate standard regarding length, he committed an error of law requiring reversal of his determination.
Second, petitioners contend that the Commissioner erred in holding that the sale would not make the adjoining rights-of-way noncontiguous because Conrail does not own the property past West Seneca Street (also known as State Route 104). Again, such a finding is arbitrary and capricious. The City owns the right-of-way traversing the highway and leading to the Niagara Mohawk plant. Moreover, Conrail holds easements for operation, maintenance, renewal, and construction of track over that right-of-way and into the Niagara Mohawk plant. Because a sale of the property at issue would render Conrail’s *860 right-of-way and its easements over the City’s rights-of-way noncontiguous, the exception in section 18 (6) (b) cannot apply. As such, the Commissioner’s determination rests on an error of law in this respect as well.
Accordingly, the petitions of Conrail and the City are granted and the determination of the Commissioner of Transportation, which held Transportation Law § 18 inapplicable and released the State’s preferential rights, is annulled. The Commissioner is ordered to reinstate the assignment of preferential rights previously given to the City.

. Transportation Law § 18 provides a preferential acquisition right to the State, or, by assignment of rights, to its agencies and municipalities, in the case of abandoned railroad property. Thus, under section 18, the State has a right of first refusal to purchase abandoned railroad property for conversion to State use. The statute applies to “all abandoned railroad property with two exceptions: “property noncontiguous to line rights of way and yards” and “side and spur track properties not greater than one-fourth mile in length, except when sales of such property would make adjoining rights of way noncontiguous” (Transportation Law § 18 [6] [a], [b]).

. The record illustrates that the City’s purpose in acquiring the property is to preserve rail access to the Niagara Mohawk plant located at the northern terminus of the spur track. Niagara Mohawk has advised the City that it wishes to refit the plant to serve as a coal- and gas-fired steam plant to sell power to third-party producers. The plant will not be viable without rail access for coal delivery.

. The decision purportedly relies on a survey conducted by the Castaldos which measures the length of the track on the parcel to be sold as approximately 1,137 feet—less than one-fourth of the 5,280 feet in a mile.

. Based on the release, the Castaldos demanded that the property be sold to them and later commenced a contract action, seeking damages and specific performance, in Supreme Court, Oswego County.

. The City refers the court to language used by DOT in a letter dated August 21, 1997 in which the agency states: “I [also] want to take this opportunity to clarify the application of § 18 of the Transportation Law to the proposed sale of the parcel in Oswego, and to future sales of abandoned railroad rights-of-way” (see, Oswego’s petition, exhibit I [emphasis supplied]). In light of the balance of the letter, which deals solely with the application of the statute to this particular case, this court views the emphasized language as surplusage. Regardless, such language does not require a finding of rule making because a determination such as the one herein can have precedential adjudicatory effect without achieving the level of generally applicable agency regulations.

. The legislative intent behind section 18 is “to assure the availability of [abandoned railroad] property for public utilization whenever desirable” (L 1973, ch 998, § 1). This intent was based on the legislative finding that “abandoned railroad transportation property often possesses unique and irreplaceable value particularly suitable for public transportation purposes” (L 1973, ch 998, § 1).

. Respondents’ reliance on Arrigoni v Consolidated Rail Corp. (155 AD2d 357, 358) to refute such an argument is misplaced. That case interpreted what types of property were to be considered railroad property (i.e., yards, maintenance structures, etc.). Moreover, by specific admission, that case did not deal with the two exceptions to section 18 (see, Arrigoni v Consolidated Rail Corp., supra, at 358).