■ In the Matter of CONSOLIDATED RAIL CORPORATION, Respondent, v STATE OF NEW YORK et al., Respondents. (Proceeding No. 1.) In the Matter of CITY OF OSWEGO, Respondent, v JOSEPH H. BOARDMAN, as Commissioner of the New York State Department of Transportation, Respondent, and PAUL CASTALDO et al., Appellants. (Proceeding No. 2.) [686 NYS2d 201] —Mercure, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered March 3, 1998 in Albany County, which, *inter alia*, granted petitioners' applications, in two proceedings pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Transportation holding that a certain piece of abandoned railroad spur track was not subject to Transportation Law § 18 (1).

Petitioner Consolidated Rail Corporation (hereinafter Conrail) abandoned a 1.65-mile-long spur track extending from its main line to a Niagara Mohawk power facility in the City of Oswego, Oswego County. In June 1996, Conrail entered into a contract for the sale of an approximately 1,200-foot-long portion of the abandoned property (hereinafter the parcel) to respondent Paul Castaldo. Recognizing the preferential right of acquisition conferred upon the Commissioner of Transportation pursuant to Transportation Law § 18 (1), Conrail notified respondent State Department of Transportation (hereinafter DOT) of its intention to sell the parcel. DOT thereafter gave notice that it was assigning its rights to petitioner City of Oswego. In April 1997, Conrail canceled its contract with Castaldo and entered into a new contract to sell the parcel to the City. On the basis of Castaldo's subsequent proffer of a survey of the parcel, however, in May 1997 the Commissioner determined that the length exception of Transportation Law § 18 (6) (b)[1] applied because the parcel was less than one-quarter mile in length. As a consequence, in June 1997 the Commissioner issued a release of his preferential rights to acquire the parcel.

Conrail and the City thereafter commenced separate CPLR article 78 proceedings contending, as relevant here, that the Commissioner's June 1997 determination releasing his preferential rights with respect to the parcel was arbitrary in that it failed to properly apply the length exception of Transportation

---

1. Transportation Law § 18 (6) (b) excludes from the term "property" as used in that section "side and spur track properties not greater than one-fourth mile in length, except when sales of such property would make adjoining rights of way noncontiguous".

Law § 18 (6) (b). Following the impleader of Castaldo and his wife, respondent Adeline Castaldo, as necessary parties and consolidation of the proceedings, Supreme Court granted the petitions and annulled the challenged determination. The Castaldos appeal.[2]

We affirm. In our view, Supreme Court was correct in its conclusion that it was the length of the entire abandoned spur track, and not merely the portion that Conrail had contracted to sell to the Castaldos, which was the appropriate measure under Transportation Law § 18 (6) (b). Because "abandoned railroad transportation property often possesses unique and irreplaceable value particularly suitable for public transportation purposes" (L 1973, ch 998, § 1), the intent of Transportation Law § 18 (1) is "to assure the availability of [abandoned railroad] property for public utilization whenever desirable" (L 1973, ch 998, § 1). As properly reasoned by Supreme Court, the interpretation advanced by the Castaldos would permit Transportation Law § 18 (1) to be circumvented by the simple act of chopping abandoned spur tracks into discrete parcels of less than one-quarter mile each. In view of the fact that resolution of the proceedings (to the extent now challenged) required nothing more than the construction of Transportation Law § 18 (6) (b) as applied to uncontested facts, the present argument that Supreme Court considered evidence dehors the administrative record is irrelevant.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs. [*See*, 175 Misc 2d 855.]

---

2. The Commissioner now acquiesces in Supreme Court's rulings and statutory interpretation.