In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate the organizational meeting of the North Hempstead Republican Committee held on September 20, 2011, the petitioner appeals from an order of the Supreme Court, Nassau County (Marber, J.), dated January 9, 2012, which granted the respondents’ motion pursuant to CPLR 3211 (a) to dismiss the petition.
Ordered that the order is affirmed, with costs.
“The method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with” (U.S. Bank N.A. v Feliciano, 103 AD3d 791 [2013] [internal quotation marks omitted]; see City of New York v Miller, 72 AD3d 726, 727 [2010]; Matter of Del Villar v Vekiarelis, 59 AD3d 642, 643 [2009]). Here, the order to show cause provided that the respondents were to be served pursuant to CPLR 312, which requires personal delivery of process. Since the petitioner did not personally deliver the order to show cause and supporting papers to any respondent, the service in this case was ineffective to confer personal jurisdiction over the respondents (see Matter of Golden’s Bridge Fire Dist. v Westchester County Dept. of Health/Bd. of Health, 82 AD3d 1236 [2011]; Matter of Randazzo v Neufeld, 211 AD2d 387, 388 [2000]; Matter of J & G Cent. Auto Collision v Zoning Bd. of Appeals of Inc. Vil. of Val. Stream, 210 AD2d 407, 408 [1994]; Matter of Heinisch v Goehringer, 121 AD2d 721, 721-722 [1986]; see also Matter of Franz v Board, of Educ. of Elwood Union Free School Dist. 112 AD2d 934, 934-935 [1985]; cf. Matter of Perreten v Westchester County Bd. of Health, 146 AD2d 779, 779-780 [1989]; Matter of Gosine v Russo, 124 AD2d 803, 804 [1986]).
The parties’ remaining contentions need not be addressed in *801 light of our determination. Leventhal, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.