■   In the Matter of CAMPO CORPORATION, Respondent, v. HOUSING AND DEVELOPMENT ADMINISTRATION, Appellant.— Order entered September 9, 1968, remanding proceeding to the Housing and Development Administration for the promulgation of a proper order of decontrol, reversed on the law, and the petition dismissed, with $50 costs and disbursements to appellant.   The matters adverted to in the whereas clause of the decontrol order under review, including the hearing, together with the data available to the Administrator from regulation in this area, his own expertise and experience, in their totality constitute a sufficient predicate on which to support the rationality of the Administrator's conclusions.   The classic test is whether or not there is a rational basis for the administrative order.   " All that is required is that the agency's determinations have a rational basis in the ' record ' before it and that its determinations not be arbitrary or capricious ".   (*Matter of Colton* v. *Berman*, 21 N Y 2d 322, 334.)   " Nor was it necessary that his reasoning, which is either detailed or inferable from the material presented to him or created by the agency, be so comprehensive as to provide specific argumentative analysis of each of the statutory factors." (Also, *Matter of Colton* v. *Berman, supra,* p. 336.)   Thus the exactions demanded by Special Term are inapposite.   The bases for the decontrol order being sufficiently patent, and surviving the tests of reasonableness and freedom from arbitrariness and caprice, further specifics are unnecessary.   (*Matter of Hotel Assn. of New York City* v. *Weaver*, 3 N Y 2d 206, 217.)   Indeed, but " slight proof " is required.   (*Matter of Campo Corp.* v. *Feinberg,* 279 App. Div. 302, affd. 303 N. Y. 995.)   However, nothing said herein countenances the conception that rent control vis-a-vis apartments occupied by four or more related persons is to continue in perpetuity.   We anticipate that pursuant to the directive of subdivision 3 of section 1 of chapter 21 of the State Enabling Act [L. 1962, ch. 21], requiring a biennial survey, these apartments also will be the subject of yet further scrutiny and evaluation. And that as to them, with all due and reasonable speed, there will be a further order of the Administrator.   Concur — Botein, P. J., Capozzoli, McGivern and Rabin, JJ.; Eager, J., dissents in part in the following memorandum.   I would modify the order of Special Term to provide for the annulling and vacating of the determination and order of the respondent-appellant agency insofar as such determination and order provides for continuation of control of the particular apartments occupied by four or more related persons and I would remand the matter to the agency for reconsideration of the scheduling of decontrol of such apartments.   I agree with the contention of the agency that the provisions of the Administrative Code (§ Y51–12.0 as amd. in 1967) confer upon the agency the " power to prescribe a reasonable time schedule for decontrolling housing accommodations ".   I conclude, however, that the provisions of the determination and order of the agency, as applied to apartments occupied by four or more related persons, are contrary to law and without a rational basis.   Such provisions violate the spirit if not the letter of the law in that the effect thereof is to retain such apartments indefinitely under the control of the agency as long as they are continually occupied by four or more related persons.   This represents a continuation of control rather than the scheduling of decontrol.   The action of the agency is not justified on the basis that the city is obligated to make a biennial survey of housing accommodations in the city under the direction of its legislative body for the purpose of determining the propriety of continuing regulation and control.   (See subdivision 3 of section 1 of chapter 21

of the State Enabling Act [L. 1962, ch. 21].) Under section Y51–12.0 of the Administrative Code, as amended, the responsibility for scheduling decontrol is vested in the agency and may not depend upon the biennial survey under direction of the local legislative body.