■ R. Lyons Hickey, Inc., Respondent, v Commissioner of the Department of Rent and Housing Maintenance of the City of New York, Appellant.—Order and judgment (one paper), Supreme Court, County of New York, entered January 25, 1977, granting petition to annul respondent's determination denying a certificate of eviction, is reversed, on the law, and petition dismissed, without costs and without disbursements, and without prejudice to the making of a new application pursuant to section 55a of the rent regulations at which petitioner may establish on objective grounds his good faith. Subdivision g of section Y51-6.0 of the Rent Control Law is clear that the landlord must seek in "good faith" to recover possession of a housing accommodation. While the court may not substitute its judgment for that of an administrative officer where there is a rational basis in the record for the administrative order, *Matter of Campo Corp. v Housing & Dev. Admin.* (31 AD2d 533), here Special Term annulled the determination of the agency as arbitrary and capricious. Special Term relied heavily on *Matter of Rosenbluth v Finkelstein* (300 NY 402), in determining what constitutes "good faith". Although we agree, the landlord had no obligation to file plans or accept for his own use the vacant apartments, nonetheless, the record provided a rational basis for the agency's determination. In *Rosenbluth,* the landlord was, with his wife and child, sharing three rooms with another married couple, and clearly they came within the good faith requirement of the statute. In the case at bar the landlord was represented by an agent who could make no real representation as to the owner's "good faith", leaving the allegations of good faith to be weighed and found wanting by the administrative agency. Further, no effort was made by the landlord to switch the top floor tenants to the other two apartments as they became available, which would cast some light on the landlord's good faith intentions. It appears undisputed that the agent admitted at the hearing that he had shown the building to prospective purchasers and received an offer that was $90,000 less than the asking price. These factors are sufficient to cast a shadow over the protestations of "good faith". The court is further placed on guard by the agent's statement that a permit for a roof exit had been applied for, and which statement was contradicted by a showing that no such application had been made. Additionally, the agency need not accept the bare assertion of good faith by the landlord's agent, and may require the landlord to present objective facts as a basis for its findings. As this court said in *Matter of Asco Equities v McGoldrick* (285 App Div 381, 384) "Obviously the rent commission has the burden and responsibility of determining good faith of the intention expressed by the landlord. It

would be senseless to hold that the rent commission is bound by the landlord's bare assertion. That would be an illusory control indeed. Consequently, the rent commission must be satisfied, on objective grounds, that a landlord intends as he says." There would be no need for the rent commission to exist if we are to allow it to be bound by this merest of subjective evidence, thereby permitting abrogation of both its standards of proof and its discretionary authority. Concur—Kupferman, Lupiano and Evans, JJ.; Murphy, P. J., and Capozzoli, J., dissent and would affirm on the opinion of Helman, J.