■ In the Matter of JOSEPH G. IANNELLI, Appellant, v NATHAN LEVENTHAL, as Commissioner of the Housing Preservation and Development Department of the City of New York, et al., Respondents.—Judgment, Supreme Court, New York County, entered July 2, 1979, denying petitioner's motion to amend the caption of the petition, and granting respondents' cross motion to dismiss the petition, and dismissing the petition, is unanimously reversed, on the law, and in the exercise of discretion; petitioner's motion to amend the caption so as to include the Department of Buildings (more properly the commissioner thereof) as an additional named respondent and to permit late service upon that respondent is granted; respondents' cross motion to dismiss the petition for failure to join an essential party and on the ground of the Statute of Limitations is denied; respondents are directed to answer the petition; and the matter is remanded for further proceedings, all, without costs. This is an article 78 proceeding to review the dismissal of petitioner, a former building inspector in the Department of Buildings of the City of New York. The respondents named in the petition are the Commissioner of the Housing Preservation and Development Department (HPD), the Mayor and the comptroller of the city, and the City of New York. The Commissioner of the Department of Buildings is not named as a party respondent. Special Term has held that the Commissioner of the Department of Buildings is a necessary party, that by reason of the Statute of Limitations it is now too late to serve that commissioner, and that, therefore, the proceeding must be dismissed. We do not agree. Petitioner's confusion is quite understandable. He has at all relevant times been an employee of the City of

New York, itself a named respondent, as an inspector in the Department of Buildings. But the Department of Buildings has had a somewhat checkered career. Prior to July, 1977, the Department of Buildings was part of the Department of Housing and Development Administration (HDA). By Local Law No. 29 of the Laws of 1977, effective in July, 1977, HDA was dissolved; the Department of Buildings, formerly a subdivision of HDA, became an independent department; and a new department, HPD, absorbed all other functions of HDA. This court has had some difficulty in obtaining a copy of this local law which redefines the Department of Buildings as an independent department rather than a part of HPD; so petitioner can hardly be blamed for his failure to realize that HPD was not just HDA under a different name. At the time the charges were served upon petitioner, HDA was still in existence, and presumably those charges were served in the name of the Commissioner of HDA. At the time the hearing was held before a hearing officer of the Department of Buildings on September 29, 1977, HDA was no longer in existence, and instead the hearing officer was redesignated by and acting on behalf of the Commissioner of the Department of Buildings. However, the official transcript of the hearing was still entitled in the name of the Housing and Development Administration; the employee was described as a "Construction Inspector, Department of Buildings, Housing and Development Administration", the hearing was held at the offices of the "Housing and Development Administration", and the attorney for the department is described as "Attorney for Housing and Development Administration." The hearing officer's report repeatedly refers to the counsel for the "Housing and Development Administration and the Department of Buildings." It is clear that in bringing this proceeding petitioner meant to sue the department in which he was employed and the commissioner of that department. Petitioner refers in the petition to "my employer the Housing Preservation and Development Department"; he alleges that he was dismissed by that department. Where an error is made in naming the respondent or defendant intended to be sued but it is clear from the petition or complaint who is intended to be sued, and no one is misled or prejudiced, the court may disregard the error (see, e.g., *Avery v O'Dwyer,* 305 NY 658; *Ryan v Nationwide Mut. Ins. Co.,* 20 AD2d 270). Here it is obvious that no one was misled or prejudiced. The Corporation Counsel is the attorney for the Department of Buildings and HPD and formerly for HDA; service on any of them must be made by service on the Corporation Counsel, as here it was. What was said *Matter of Chem-Trol Pollution Servs. v Ingraham* (42 AD2d 192, 194), with respect to two departments in the State government would seem to be equally applicable to the Department of Buildings and HPD: "both represent departments of the State government and they stand in such a relationship that proper service upon one stops the running of the period of limitations for purposes of the statute." (See, also, *Matter of Greaney v Poston,* 50 AD2d 653.) Here petitioner has also named his employer, the City of New York, as a respondent. On the facts of this case, petitioner's claim should not be defeated because he mistakenly named and served the Commissioner of the Housing and Development Administration but failed to name or serve the Commissioner of Buildings, the true respondent, before the expiration of the four-month period of the Statute of Limitations. The Corporation Counsel has apparently attempted to import into this summary article 78 proceeding the practice in plenary actions of a motion to dismiss before answer based

on affdavits, on an analogy to CPLR 3211 (subd [a], par 5; subd [c]). It is not at all clear that article 78 contemplates this necessarily slower procedure. (See CPLR 7804, subd [f].) The result is that we have what purports to be a motion to dismiss for objection in point of law (CPLR 7804, subd [f]), based, however, on facts not alleged in the petition, accompanied by what appears to be substantially a complete record, except that the respondents have not answered. Thus the issues on the merits are neither presented nor determined and we must remand the matter for answer and further proceedings. Concur—Kupferman, J. P., Birns, Silverman, Bloom and Carro, JJ.