■ In the Matter of Morris Booke, Appellant, v Daniel W. Joy, as Commissioner of the Department of Housing Preservation and Development, et al., Respondents. — Order and judgment (one paper), Supreme Court, New York County, entered July 3, 1980, granting cross motion to dismiss article 78 petition on the ground of *res judicata,* and denying said petition and dismissing said proceeding, is unanimously reversed, on the law, without costs; the cross motion to dismiss the petition on the ground of *res judicata* is denied; respondent is directed to answer the petition; and further proceedings shall be had in accordance with CPLR 7804 (subd [f]). Respondent's administrative determination of July 24, 1978 was a final adjudication that, at least as of the date as of which that adjudication spoke, petitioner landlord was not entitled to a

certificate of eviction and that petitioner did not have an "immediate and compelling necessity." It is not an adjudication that as of any later date petitioner did not have an "immediate and compelling necessity." In this respect, the situation is analogous to that involved in *People ex rel. Watchtower Bible & Tract Soc. v Haring* (286 App Div 676, 680-681), where the court said: "It is elementary that the doctrine of collateral estoppel is not applicable unless the issue in the second proceeding is identical with that in the first. * * * An adjudication that the property was or was not used for a charitable or religious purpose during one year cannot constitute an adjudication as to whether it was used for such a purpose during another year. The issues are not the same. * * * While there has been no direct decision by the Court of Appeals upon this point, the case of *People ex rel. Hilton v. Fahrenkopf* (279 N. Y. 49, 52, 53 * * *) supports this conclusion. In that case, the court pointed out that 'It is of the essence of an assessment that it fixes value as of a certain time' and therefore the court held that 'the doctrine of *res judicata* can have no true application to the issues of value in recurring assessment proceedings'. The same reasoning is applicable to any issue in recurring assessment proceedings which depends upon the factual situation 'as of a certain time'." The most significant change of circumstances urged upon us to distinguish the situation covered by the earlier administrative adjudication from the situation covered by the administrative adjudication now under review is that petitioner's granddaughter is older and thus her need for privacy and a room of her own is more acute. If a change of circumstances is necessary, we cannot say as a matter of law that this is not a sufficient change of circumstances. Thus the Restatement says: "Material operative facts occurring after the decision of an action with respect to the same subject matter may in themselves, or taken in conjunction with the antecedent facts, comprise a transaction which may be made the basis of a second action not precluded by the first * * * Where important human values — such as the lawfulness of a continuing personal disability or restraint — are at stake, even a slight change of circumstances may afford a sufficient basis for concluding that a second action may be brought." (Restatement, Judgments 2d, [Tent Draft No. 5], § 61, Comment *f*, p 148.) Accordingly, the cross motion to dismiss the proceeding as a matter of law on the ground of *res judicata* should be denied. Finally, as in *Matter of Iannelli v Leventhal* (79 AD2d 562), respondent "has apparently attempted to import into this summary article 78 proceeding the practice in plenary actions of a motion to dismiss before answer based on affidavits, on an analogy to CPLR 3211 (subd [a], par 5; subd [c]). It is not at all clear that article 78 contemplates this necessarily slower procedure. (See CPLR 7804, subd [f].) The result is that we have what purports to be a motion to dismiss for objection in point of law (CPLR 7804, subd [f]), based, however, on facts not alleged in the petition, accompanied by what appears to be substantially a complete record, except that the respondents have not answered. Thus the issues on the merits are neither presented nor determined and we must remand the matter for answer and further proceedings." Concur — Murphy, P. J., Birns, Sandler and Silverman, JJ.