■ In the Matter of BROADWAY & 67TH STREET CORPORATION, Respondent, v DANIEL W. JOY, as Commissioner of Rent and Housing Maintenance, Appellant. — Judgment, Supreme Court, New York County, entered March 10, 1980, annulling appellant rent commissioner's order of November 19, 1979, and directing a comparability study and a new hearing before a different hearing officer, is modified, on the law and the facts, and in the exercise of discretion, without costs; the judgment insofar as it implicitly denies appellant rent commissioner's cross motion to remit the matter to the department of rent and housing maintenance, is affirmed; and the judgment is otherwise reversed and vacated and the matter is remanded to Special Term, and appellant is granted 20 days after the date of the order determining this appeal to interpose an answer to the petition, and the matter shall then proceed in accordance with the second and third sentences of CPLR 7804 (subd f). In connection with his cross motion to remit the matter to the department of rent and housing maintenance for further processing, appellant specifically requested, in the event of denial of the cross motion, a reasonable extension of time to answer the petition and reserved his right to have the matter proceed in accordance with CPLR 7804 (subd f). Although the papers contain considerable evidentiary material, including a transcript of the hearing before the hearing officer, we are informed that there is additional material that could and would be presented in connection with an answer. Special Term, nevertheless, proceeded to determine the article 78 proceeding adversely to appellant upon the papers submitted by petitioner and papers submitted by appellant in support of his cross motion. We have previously criticized the practice of the Corporation Counsel and of appel-

lant's attorney of making a motion supported by what appears to be a substantially but not quite complete record while requesting leave to answer if the motion is denied. (See *Matter of Ianelli v Leventhal,* 79 AD2d 562; *Matter of Booke v Joy,* 79 AD2d 903.) However, in the present case the cross motion was to remit to the commissioner to permit him to finish his consideration of the matter; and there are enough troublesome aspects in the case so that we think appellant should be given an opportunity to answer with a full record. We thus assimilate the cross motion to an objection in point of law (CPLR 7804, subd [f]), and will permit appellant to answer (but not to make another motion not accompanied by an answer). Concur — Murphy, P. J., Sandler and Silverman, JJ.,

Kupferman and Ross, JJ., dissent in part in a memorandum by Kupferman, J., as follows: I dissent on the opinion of Mr. Justice Wallach at Special Term. I would add that the majority of this Court abuses its discretion in reversing and remanding for the purpose of the rent commission interposing an answer to the petition. What is involved here is the question of a proper rental for an apartment in the Lincoln Square area, for which the rent commission has fixed a rental of $32.50 per month. In 1979, Mr. Justice Hughes directed the commissioner to conduct a comparability study and fix a maximum rental within 60 days. The time factor was ignored, and the direction for this comparability study virtually ignored. All that Mr. Justice Wallach did was substantially to direct compliance with the original order of Mr. Justice Hughes. To allow, at this late date, after so many proceedings both before the rent commission and in the court, the rent commission now to interpose an answer, seemingly on the basis that there is more that they can tell the court, is a gross abuse of discretion. The Court of Appeals has informed us that failure to comply with legitimate legal requirements is not to be countenanced. *(Barasch v Micucci,* 49 NY2d 594.) We need not take a draconian point of view to find that in this instance the rule suggested by the Court of Appeals should clearly apply.