■ In the Matter of MORRIS BOOKE, Respondent, v DANIEL W. JOY, as Commissioner of the Department of Housing Preservation and Development, Office of Rent and Housing Maintenance, Respondent, and VIOLA ILMA, Respondent-Appellant. — Judgment, Supreme Court, New York County (Fraiman, J.), entered May 12, 1981, which granted petitioner-respondent Morris Booke's application to set aside the determination of the respondent Commissioner of the Department of Housing Preservation and Development, Office of Rent and Housing Maintenance (Commissioner) as arbitrary and capricious, upon condition that petitioner comply with the conditions specified in the court's memorandum decision, unanimously reversed, on the law, the judgment vacated and the matter remanded to respondent Commissioner, without costs. Petitioner landlord sought a certificate of eviction of intervenor tenant on the ground of immediate and compelling necessity, pursuant to section 55 of the Rent and Eviction Regulations of the Division of Housing and Community Renewal (9 NYCRR 2104.5) in that his granddaughter, who slept on a convertible couch in the living room of his one-bedroom apartment, required privacy and a separate bedroom of her own. The Commissioner denied the application, and petitioner did not commence a CPLR article 78 proceeding to review the denial. He filed a new application with the agency which was denied on the basis of res judicata, on the ground that the prior order was binding as to the issues involved. The instant article 78 proceeding was commenced and Special Term upheld the Commissioner and dismissed the petition. Petitioner appealed to this court (79 AD2d 903), which found the doctrine of res judicata to be inapplicable. We held the Commissioner's prior administrative determination to be a final adjudication that, as of the date of which it spoke, petitioner landlord was not entitled to a certificate of eviction and did not have an immediate and compelling necessity. We further held that it was not an adjudication, however, that he did not have such an immediate and compelling necessity as of the later date. The most significant change of circumstances urged upon us to distinguish the two administrative determinations in issue was the increased age of petitioner's granddaughter and its effect upon her need for privacy and a room of her own. This was a question of fact. We said (p 904) "[i]f a change of circumstances is necessary, we cannot say as a matter of law that this is not a sufficient change of circumstances." The motion to dismiss was based on facts not alleged in the petition and the respondents did not have the opportunity to answer. Thus the issues on the merits were neither presented nor determined. We therefore reversed and remanded for further proceedings. On remand, Special Term effectively limited itself to a consideration of whether the increased age of the granddaughter was a sufficient change of circumstances to have warranted the relief sought, and to

a new offer by petitioner to give the tenant his own apartment in exchange for the subject apartment at a lesser rental and subject to rent control. The court found that the change of circumstances created an immediate and compelling necessity and that the Commissioner's determination was arbitrary and capricious. It directed a certificate of eviction to issue, conditioned however upon the petitioner's offering his apartment to the tenant on the stated terms. The tenant rejected the offer and appealed. The Commissioner, in the order under review, did not consider the "changed circumstances" of the granddaughter's increased age, but held himself bound by the earlier determination, under the doctrine of *res judicata*. Neither did the Commissioner consider the validity and fairness of petitioner's offer of the exchange of apartments, since it was made for the first time at Special Term. Special Term did not consider the record made by the Commissioner in the prior proceeding, which contained substantial support for its then findings, including, *inter alia:* his findings on petitioner's credibility and, therefore, lack of good faith; petitioner's failure after several years of litigation, to use an available and suitable (but decontrolled) apartment, renting it instead to a third party, thus reflecting on the establishment of an immediate and compelling necessity and upon petitioner's good faith; and apparently did not consider that petitioner had previously obligated himself to another tenant to offer the right of first refusal to his apartment, should he move. The court found the Commissioner's determination to be arbitrary and capricious, based substantially only upon the change in circumstances (not considered by the Commissioner) and the offer to exchange apartments (not considered by the Commissioner). Both of these, on this record, constituted "new evidence", not considered by the Commissioner in his determination and thus section 8 of the Local Emergency Housing Rent Control Act (L 1962, ch 21, § 1) and section Y51-9.0 (subd a, par [2]) of the Administrative Code of the City of New York mandate a remand to the agency for consideration. Therefore the court based its opinion to a substantial degree on evidence not presented to the agency and improperly substituted its own judgment for that of the Commissioner. (See *R. Lyons Hickey, Inc. v Commissioner of Dept. of Rent & Housing Maintenance of City of N. Y.,* 58 AD2d 773, affd 44 NY2d 879.) The appellant was not initially joined as a party to the article 78 proceeding under review, nor is there a requirement that a landlord or a tenant join the other as a party in such a proceeding, and appellant claims this to be a violation of her due process rights. However, subdivision (9) of section 95 of the Rent and Eviction Regulations of the Division of Housing and Community Renewal (9 NYCRR 2108.5 [i]) requires the petitioner to set forth the names of all parties affected and to serve them with copies of all papers. This was done. Appellant received notice of the proceedings and was permitted to intervene. Due process requires notice reasonably calculated to apprise interested parties of the pendency of an action and to afford them an opportunity to be heard (*Mullane v Central Hanover Trust Co.,* 339 US 306). Concur — Sullivan, J. P., Carro, Fein and Milonas, JJ.

Silverman, J., concurs in a memorandum as follows: I doubt whether the offer to exchange the apartment is really "new evidence." It seems to me to be equally explicable as a condition imposed by the court in its judgment, analogous to the traditional power of courts of equity to mold their decrees. However, I do think that the matter should be remanded to the respondent Commissioner to decide in the administrative proceeding, unhampered by his previous error of law as to the applicability of *res judicata.*