OPINION OF THE COURT
David B. Saxe, J.
This is an apartment succession case with a twist! The facts are these: Beatrice Schoen, at the time of death on September 30, 1987, was a resident of apartment 17-A at 75 Henry Street in Brooklyn Heights. The building, since its completion in 1967, has been owned by respondent Whitman Owner Corp. (Whitman), a cooperative redevelopment company organized under article 5 of the Private Housing Finance Law.
After Mrs. Beatrice Schoen died, her daughter, Gladys Levin, was designated as executrix and under the terms of the will, Mrs. Schoen’s estate was bequeathed in equal shares to her daughters, Rita Perenson and Gladys Levin. By agreement between the sisters, the shares of stock and occupancy agreement referable to the co-op on Henry Street were included in the distribution to sister Gladys who then renounced that portion of her bequest pertaining to the co-op. The renunciation operated, under the terms of the will, to cause the shares of stock and occupancy agreement to devolve upon granddaughter, Donna Levin, who now seeks to occupy this prized apartment.
The opposition of the Department of Housing Preservation and Development of the City of New York (HPD), which supervises article 5 redevelopment company projects such as this one, is basically that apartments in buildings such as this one are designed to benefit persons and families of low and modest income and are not to be passed on by last will and testament.
The problem with this viewpoint is that it is inapplicable here. The right of the decedent to make a "testamentary or intestate distribution of stock to a member of the immediate family” is expressly conferred by the bylaws of Whitman. Furthermore, the long-standing policy prohibiting testate or intestate succession to the shares of stock of deceased tenant/ stockholders of public housing applies to article 2 (Mitchell-Lama) housing companies (Private Housing Finance Law § 10 et seq.) (see, Concourse Vil. v Bilotti, 133 Misc 2d 973). Specifi *112 cally, article VI, § 4 of HPD’s Rules and Regulations Governing City-Aided Limited Profit housing companies, applicable to Mitchell-Lama housing companies, provides: "In no event may the right of occupancy in a Mitchell-Lama cooperative be bequeathed to another. Upon the death of the tenant-cooperator, the shares must be returned to the mutual company which will arrange for a sale pursuant to Section 1 of Article VI of these regulations. Notwithstanding the foregoing, eligible members of the tenant/cooperator’s immediate family in occupancy may acquire such shares if they meet the requirements of Article II, Section 16 of these regulations.”
These regulations were adopted with respect to Mitchell-Lama cooperatives and not with respect to redevelopment cooperatives. Indeed, Whitman’s bylaws clearly permitted the type of succession sought to be effected here.
The respondent also argues that Donna Levin is not a legatee or distributee of the deceased; that she was not a member of the deceased’s immediate family; and that she was not in occupancy of the apartment at the time of the deceased’s death.
These points miss the mark. First, although Donna Levin is not specifically listed in the will as a legatee or distributee, her mother was. In fact, through an agreement executed by her aunt, Rita Perenson, Donna’s mother, Gladys Levin became entitled to the shares of stock and occupancy agreement since they were included in the moiety of the estate to be distributed to her.
As she had every right to do, Gladys Levin then renounced that portion of her bequest pertaining to the Henry Street apartment. It is clear that renunciation is a matter of absolute right and that the motive or reason for the renunciation is of no consequence whatsoever (Matter of Oot, 95 Misc 2d 702). The result of the renunciation is that the subject shares of stock devolved upon Donna Levin under her grandmother’s will.
The other point raised concerns the limited definition of "member of the immediate family” contained in HPD’s regulation pertaining to Mitchell-Lama housing companies. But, those regulations are inapplicable in this case dealing with an article 5 housing company. Under general judicial authority, a granddaughter is a "member of the immediate family”. (See, e.g., 61 Jane St. Assocs. v Kroll, 102 AD2d 751.) Additionally, there is no requirement for article 2 housing companies that *113 the member of the immediate family taking by will or intestacy be in physical occupancy of the apartment.
The only reason offered by HPD for not approving the stock transfer was that it violated the so-called long-standing policy of the agency regarding testate or intestate succession to apartments in subsidized housing projects. But, where, as here, the entitlement of the petitioning party is clear, as a matter of law, the refusal to approve Donna Levin as a tenant-stockholder of Whitman is arbitrary and capricious. So, unless there is some other reason for disapproving Donna Levin, respondent Whitman is required forthwith to permit and facilitate the devolution of the stock and occupancy agreement referrable to apartment 17-A at 75 Henry Street, Brooklyn, to Donna Levin and to thereupon permit Donna Levin to occupy the apartment.
The grant of the relief here should not be taken as judicial approval of a holding that is necessitated by the requirements of law. Clearly, subsidized housing ought not to be allowed to be passed down from one tenant generation to another. The fact that I must issue a ruling contrary to such sound policy is due to the sloth of the Department of Housing Preservation and Development of the City of New York in bringing all subsidized housing under similar standards — at least with regard to apartment succession.