■ DANIEL FINKELSTEIN, as Administrator of the Estate of MORRIS FINKELSTEIN, Deceased, Appellant, v MUTUAL REDEVELOPMENT HOUSES, INC., Respondent.—Order, Surrogate's Court, New York County (Eve Preminger, S.), entered January 29, 1992, which granted respondent's motion for summary judgment dismissing the petition, unanimously affirmed, without costs.

The provisions of respondent's bylaws and decedent's occupancy agreement restricting transfers of cooperative stock are valid and apply to transfers by intestate succession *(compare, Matter of Levin v Department of Hous. Preservation & Dev.,* 140 Misc 2d 110, 111, *mod on other grounds* 151 AD2d 264). Also applicable to prohibit the transfer of the decedent's cooperative stock to his granddaughter is the 1987 amendment to the Regulatory Agreement between respondent and the City of New York. None of these restrictions were waived by respondent's acceptance of rent checks from the granddaughter during decedent's lifetime, since decedent, as tenant, was entitled to have an occupant on the premises (Real Property Law § 235-f), and the occupancy agreement included a written "no waiver" provision *(see, Jefpaul Garage Corp. v Presbyterian Hosp.,* 61 NY2d 442, 446). We would add that there does not appear to be reliance by the Surrogate on the hearsay notes by respondent's employee in reaching her decision. Concur—Carro, J. P., Kupferman, Ross and Asch, JJ.