*891 OPINION OF THE COURT
Beverly S. Cohen, J.
In this declaratory judgment action, Chatham Towers, a private residential cooperative (the Coop), seeks a summary judgment declaration with respect to defendants’ respective rights to certain Coop shares of stock allocable to apartment 12E of Towers I located at 170 Park Row in lower Manhattan (the Apartment).
The Coop was originally organized as a redevelopment corporation under what is currently article 5 of the Private Housing Finance Law of the State of New York. In late 1990, the Coop became private, no longer subject to the Private Housing Finance Law or the regulations of the New York City Department of Housing Preservation and Development (hereinafter the H.P.D.).
The Apartment in question was occupied by Lila Tom from late 1976 until her death, intestate, in spring of 1988. At the time of her death, Ms. Tom was the sole and exclusive shareholder of stock allocable to the Apartment. Codefendant, Mr. Leong, who claims to have lived with Lila Tom in the Apartment since 1980, continued to live in the Apartment.
Shortly after Ms. Tom’s death, the Coop commenced a landlord and tenant holdover proceeding against Ms. Tom’s estate and Mr. Leong, claiming that possession of the Apartment by any of them was in violation of the rules of the H.P.D., which limited the right of an occupant to succeed the tenancy of a shareholder to either parents, spouses or children. In late 1989, the holdover petition was dismissed upon the Civil Court’s determination that Mr. Leong had a right of possession due to the close "spouse-like” relationship maintained by and between the late Ms. Tom and himself.
Thereafter, the Coop was privatized and it commenced this action seeking a judicial declaration as to the validity of the adverse claims of succession asserted by the codefendants, Mr. Leong and the estate of Ms. Tom. The coadministrators of the estate are Ms. Tom’s two sisters.
A decedent’s successor may not acquire a greater right than that which decedent had at death. (See, Lomnitz v 61 E. 86th St. Equities Group, 129 Misc 2d 157.) As such, the codefendants’ adverse claims to the Apartment must be evaluated in terms of Ms. Tom’s rights at the time of her death. Accordingly, the policies of the Coop at the time of Ms. Tom’s death *892 (then public) as opposed to the current policies (presently private) must be reviewed and, if possible, applied.
The customary rights of cooperative ownership are restricted in government-subsidized housing developments pursuant to a long-standing public policy which favors the eligible applicants on the waiting list for such apartments. Restrictions on the transfer of cooperative stock are valid and apply to transfers of intestate succession (Finkelstein v Mutual Redevelopment Houses, 186 AD2d 90). Although at the time of decedent’s death, explicit regulations covering the succession to subsidized cooperatives were enacted only with respect to city-aided Limited Profit Housing Companies (organized under Private Housing Finance Law art 2), the parties agree that in order to inherit the shares of stock to a Coop apartment in plaintiff’s building one had to be (1) either a parent, spouse or child of the deceased shareholder; and (2) listed on a minimum of two income affidavits (documentary proof of residency requirement).
The estate has not demonstrated a right to acquire the shares to the Apartment at the time of Ms. Tom’s death. The estate comprises of relatives who did not occupy the Apartment and clearly did not satisfy the requirement for succession (see, Finkelstein v Mutual Redevelopment Houses, 186 AD2d 90, supra; see also, Matter of Levin v Department of Hous. Preservation & Dev., 140 Misc 2d 110, mod 151 AD2d 264).
If the shareholder tenant died leaving no relatives residing in the Apartment then under the relevant rules, the Apartment would revert to the Coop for resale at the Coop’s predetermined price (usually below market value) to the first eligible person on the Coop’s regulated waiting list of prospective buyers. In turn, a determined portion of the sale proceeds (representing the decedent’s "equity” or the value of her initial investment) would be disbursed to the shareholder-tenant’s estate. Even if this procedure should have been adhered to in the first instance, the passage of time has rendered this option impossible. The government-subsidized corporate entity then entitled to succeed to the shares no longer exists, and even if the court could determine who was first on the waiting list at the time, public policy would not be served by now offering that person a windfall investment opportunity.
Mr. Leong claims that as he resided in the Apartment in a "spouse-like” relationship with Ms. Tom, he should be entitled *893 to succeed under the Coop’s rules. The Civil Court’s factual finding after trial that Mr. Leong did live in the Apartment with Ms. Tom in a "spouse-like” relationship for some eight years is binding on this court. It is unclear why Mr. Leong never made an application to H.P.D. at the time, but he has produced deposition testimony which indicates that his application, based on this relationship, may have been favorably considered. The only difficulty is that Mr. Leong was listed on only one income affidavit of Ms. Tom. This is relevant because the rent subsidy afforded Ms. Tom was based on the "household” income, and as Mr. Leong was working, his income would have been relevant (cf., Concourse Vil. v Bilotti, 133 Misc 2d 973, 978). However, H.P.D. may have assessed a penalty on Mr. Leong to recover the rent subsidy rather than denying him the right to succeed to the tenancy.
In a situation such as this, where no person has demonstrated a clear legal right, the court can adopt a realistic approach to everyday living and render a decision based on the equities of the respective claims (see, Concourse Vil. v Bilotti, 133 Misc 2d 973, 977, supra [deciding a similar claim]). Mr. Leong has already been determined to be entitled to continued possession of the Apartment. While that Civil Court decision did not resolve the present issue of the inheritance/ succession rights to the shares, this court finds that no person has demonstrated a right to succeed superior to Mr. Leong’s claims. Moreover, by including him in one income affidavit before her death it appears that it was Ms. Tom’s intent that Mr. Leong would succeed to the Apartment.
Accordingly, the court hereby declares that Mr. Leong is entitled to succeed to the shares of the Apartment subject to the payments that are due to the Coop (which he has agreed to pay in his papers).