■ In the Matter of LILA HOWARD, Also Known as LILA SKRIGAN, Respondent, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Appellants. [742 NYS2d 283] —Judgment, Supreme Court, New York County (Louise Gruner Gans, J.), entered December 20, 2000, which, in a CPLR article 78 proceeding challenging a certificate issued by the Department of Housing Preservation and Development (HPD) to Mutual Redevelopment Houses, Inc. (Mutual), to evict petitioner, vacated the administrative determination and remanded the matter to HPD for imposition of a lesser sanction, unanimously reversed, on the law, without costs, the administrative determination reinstated, including the issuance of the certificate of eviction, and confirmed.

In September 1984, petitioner purchased shares and entered into an occupancy agreement for Apartment 10D at 330 West 28th Street. The occupancy agreement did not allow subletting. In 1987, Mutual, petitioner's landlord, signed a regulatory agreement with the City of New York, which provided the landlord with certain tax exemptions, in exchange for an agreement to be supervised by the New York City HPD. The regulatory agreement provided a number of restrictions on covered tenancies, including, (1) a prohibition against subletting without prior written approval of the Housing Company and of HPD; and (2) a provision requiring a tenant/cooperator to maintain the apartment as his or her primary residence.* During the course of the petitioner's tenancy, a series of illegal occupancies were reported, with proof, in at least one case, of a sublet agreement that provided the petitioner a substantial

---

* The agreement indicates that spending at least 183 days in a calendar year at a residential address is a key indicator of occupancy.

profit. HPD began an administrative proceeding to secure a certificate of eviction.

At a subsequent administrative hearing, petitioner admitted that she had not resided in the apartment for the requisite 183 days per year in the preceding 15 years. She explained that during this period, she was seeking placement for her severely autistic adult son, which she said was then unavailable in New York. The administrative hearing also included the testimony of one of the subtenants, who paid petitioner $1,100/month, a sum considerably higher than petitioner's maintenance, for over a year, to sublet the apartment.

The Hearing Officer concluded that petitioner had not spent any substantial time in the subject apartment for 15 years, and that although she maintains the address as her mailing address for certain purposes, the apartment is no longer her primary residence. She concluded that even if the apartment was considered petitioner's primary residence, it is uncontested that she sublet it many times for substantial profit, in breach of her occupancy agreement. The Hearing Officer found that petitioner forfeited her right to reside in the apartment and issued a certificate of eviction.

Petitioner brought an article 78 proceeding, and the IAS court vacated the administrative determination. We reverse, and confirm the administrative determination to issue a certificate of eviction.

The court exceeded the scope of its review in setting aside the decision of the Commissioner of HPD. There was no evidence that the agency acted arbitrarily or that its decision was capricious, the standard which must be applied. The record at the administrative hearing provided a rational basis for the Hearing Officer's conclusions (*Matter of Fazio v Joy*, 58 NY2d 674; *R. Lyons Hickey, Inc. v Commissioner of Dept. of Rent & Hous. Maintenance*, 58 AD2d 773, *affd* 44 NY2d 879). The administrative record included evidence that the New York apartment was not Ms. Howard's primary residence, in violation of the 1987 regulatory agreement, which this Court has previously found applicable to tenancies predating 1987 (*see, Finkelstein v Mutual Redevelopment Houses*, 186 AD2d 90). Further, it is uncontested that Ms. Howard violated both the occupancy agreement and the regulatory agreement by subletting the apartment. The administrative determination to issue a certificate of eviction was not an abuse of discretion (*Matter of Kelly v Safir*, 96 NY2d 32, 38). Concur—Nardelli, J.P., Mazzarelli, Andrias, Rosenberger and Friedman, JJ.