OPINION OF THE COURT
Per Curiam.
Final judgment, entered on or about November 30, 2004, affirmed, with $25 costs.
The trial court’s fact-laden determination that the long-term rent-stabilized tenant primarily resides in the subject Hudson Street, Manhattan, apartment represents a fair interpretation of the voluminous trial evidence, and is not disturbed. Based largely on its favorable assessment of the tenant’s testimony as “remarkable” in its “accuracy],” and its stated skepticism over the credibility of the landlord’s superintendent, the trial court was warranted in concluding that tenant maintains an ongoing substantial presence at the Manhattan apartment that he has leased for over 30 years. The trial evidence, fairly considered, supports the court’s express findings that the property in Mobile, Alabama, claimed by landlord to be tenant’s primary residence, contained “little or no furnishings or personal items,” was in a “dilapidated condition,” and was used only sporadically by tenant and various members of his large extended family. These factors, together with documentation showing that tenant maintained active bank and utility accounts in his name and received mail, including disability payments, at the Manhattan address, adequately support a finding that tenant did not abandon the Manhattan apartment as his primary residence. Moreover, tenant’s earlier absences from the apartment, primarily for educational purposes and medical treatment, were excusable for purposes of primary residence analysis (see e.g. Katz v Gelman, 177 Misc 2d 83 [1998]).
Any inconsistences between tenant’s trial testimony and prior statements merely raised credibility issues best resolved by the trial judge, as factfinder, who saw and heard the witnesses. That the trial court decision issued in connection with the prior illegal sublet holdover proceeding unsuccessfully maintained by landlord included certain factual findings adverse to tenant did not absolve the landlord of its evidentiary burden in this case to establish its claim of nonprimary residency, a burden, which, we agree, landlord failed to meet.