■ In the Matter of JOHN GREENE, Petitioner, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Respondents. [853 NYS2d 327]—

HPD's determination that the subject apartment was not petitioner's primary residence, a violation of his occupancy agreement, which incorporated the terms of a 1987 regulatory agreement between the City and Mutual, is supported by substantial evidence (*see Matter of Kaufman v New York City Dept. of Hous. Preserv. & Dev.*, 45 AD3d 257 [2007]; *Matter of Howard v New York City Dept. of Hous. Preserv. & Dev.*, 294 AD2d 278 [2002], *lv denied* 99 NY2d 504 [2002]). Petitioner admitted that he resided in another location, he offered no evidence that he had ever resided in the subject apartment, and he testified that, despite his intention to live there with his domestic partner and their daughter, he never moved into the apartment with them. Indeed, petitioner does not challenge these findings. He argues instead that he was curing his noncompliance with the primary residence requirement of the aforementioned agreements, that Mutual is barred by laches or the stat-

ute of limitations, or both, from evicting him, and that unique circumstances render excusable his extended physical absence from the apartment.

Petitioner's failure to use the apartment as his primary residence, as required by the agreements, is not curable (*see e.g. Matter of O'Quinn v New York City Dept. of Hous. Preserv. & Dev.*, 284 AD2d 211, 212 [2001]). HPD's finding, which is supported by substantial evidence, that Mutual was unaware of petitioner's noncompliance defeats his laches defense (*see Macon v Arnlie Realty Co.*, 207 AD2d 268, 271 [1994]), and the continuing nature of petitioner's obligation to use the apartment as his primary residence renders the statute of limitations inapplicable (*see generally Lenox Hill Hosp. v Spitz*, 1 Misc 3d 134[A], 2004 NY Slip Op 50027[U] [2004]). Finally, petitioner's explanations do not render his extended physical absence from the apartment "excusable for purposes of primary residence analysis" (*Hudson St. Equities Group v Escoffier*, 11 Misc 3d 63, 64 [2006], *affd* 45 AD3d 371 [2007]). Concur—Lippman, P.J., Andrias, Williams and McGuire, JJ.