■ FRANCES ROA et al., Appellants, v. WESTCHESTER COUNTY PLAYLAND COMMISSION, Respondent, et al., Defendant.— In this negligence action to recover damages for personal injuries and loss of services, plaintiffs appeal from two orders of the Supreme Court, Westchester County, dated August 19, 1968 and February 4, 1969, respectively, (1) the first granting defendant Westchester County Playland Commission's motion for (a) summary judgment dismissing the complaint as against it for plaintiffs' failure to properly serve a notice of claim and (b) severance of the action as to it; and (2) the second (made after plaintiffs were granted reargument to the extent of holding a hearing on the issue of the proper person on whom notice of claim could be served, and after such hearing) adhering to the original decision. Appeal from order dated August 19, 1968 dismissed as academic, without costs; this order was superseded by the order dated February 4, 1969. Order dated February 4, 1969 reversed, on the law and the facts, without costs, and motion for summary judgment, etc., denied. Plaintiffs' attorneys, within the prescribed time, served notice of claim against defendant Westchester County Playland Commission upon the then County Attorney for Westchester County, designated by law as counsel to the commission (L. 1941, ch. 777, § 4, subd. 20). Prior to serving said notice, they inquired of the County Attorney and were informed by him that he would accept service on behalf of the commission. Thereafter, the commission proceeded to examine plaintiff Frances Roa in regard to her claim, plaintiffs served their summons and complaint, and issue was joined. On June 4, 1968, more than four years after the joinder of issue, the present County Attorney moved to dismiss the complaint as against the commission on the ground that the notice of claim had not been served upon a person designated by law to receive such service. While we agree with Special Term that the County Attorney was not a proper person to receive the notice of claim on the commission's behalf (see General Municipal Law, § 50-e, subd. 3; former Civ. Prac. Act, § 228, subd. 7 [in effect when the notice of claim was served]; L. 1945, ch. 694, § 13; O'Rourke v. Westchester County Playland Comm., 283 App. Div. 874), we hold that in these circumstances the commission is estopped from asserting such a contention (cf. Teresta v. City of New York, 304 N. Y. 440; Robinson v. City of New York, 24 A D 2d 260). Because of his position as counsel to the commission, the County Attorney's statement that he would accept service for the commission must be deemed a representation by the commission that such service would be proper. This factor, in addition to the obvious elements of reliance and resulting prejudice, distinguishes this case from Payne v. Village of Horseheads (21 A D 2d 715). Hopkins, Acting P. J., Munder, Martuscello, Latham and Brennan, JJ., concur.