BOARD OF TRUSTEES OF COMMON SCHOOL DISTRICT NO. 2 OF THE TOWN OF DICKINSON, Appellant, *v.* COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK et al., Respondents.

Third Department, December 28, 1972.

*Gerhart & Khunen* (*Dwight R. Ball* of counsel), for appellant.

*Hinman, Howard & Kattell* (*Clayton M. Axtell, Jr.,* and *James M. Hayes* of counsel), for Central School District No. 1, respondent.

*Robert D. Stone* (*John P. Jehu* of counsel), for Commissioner of Education and another, respondents.

*Coughlin, Dermody & Guy* (*Edward S. Dermody* of counsel), for City School District of City of Binghamton, respondent.

HERLIHY, P. J. This is an appeal from a judgment of the Supreme Court at Special Term, entered in Albany County, which dismissed petitioner's application, in a proceeding pursuant to article 78 of the CPLR to annul respondent's determination proposing reorganization of certain school districts.

Proceedings had been had pursuant to section 314 of the Education Law which resulted in a report by the respondent Commissioner of Education, dated May 1, 1970, and a decision and order of a committee of the Board of Regents, dated September 2, 1970, which confirmed a reorganization plan for the petitioner's school district. A notice of petition and a petition, dated December 22, 1970, seeking review of the Commissioner's decision and the decision and order of the Committee of Regents, were served upon the respondent Commissioner of Education within the time limitations of the CPLR. Jurisdiction in the Supreme Court to review the decision and order of the Committee of Regents is expressly conferred by paragraph (g) of

subdivision 3 of section 314 of the Education Law. The proceeding was transferred to this court by an order of Special Term, dated January 22, 1971.

The original notice of petition and petition did not specifically name the Committee of Regents as a respondent in the proceeding, and, accordingly, this court, on July 13, 1971, remitted the matter to Special Term so that the Committee of Regents might properly be joined and with other directions to Special Term, *withholding* decision in the interim (37 A D 2d 743, 744). Pursuant to the directions of the court an amended notice of petition and an amended petition were served upon the members of the Committee of Regents, this time duly naming such committee as respondent. Upon the return date of the amended petition at Special Term, a cross motion was interposed by the committee to dismiss the proceeding as not having been commenced within four months of the final order of the committee.

Special Term granted the motion on behalf of the respondent committee and dismissed the petition, thereby terminating the proceeding.

If there had been a failure of due service so as to deny jurisdiction to the court to review the determination of the committee, the result would have been a dismissal of the proceedings by this court.

The period of time within which a claim or cause of action must be asserted runs until such time as a claim is interposed (CPLR 203). Proceedings pursuant to article 78 of the CPLR are interposed when the notice of petition and the petition are served upon the respondent. CPLR 312 refers specifically to personal service upon a board or commission and among other things provides for service upon a " secretary or clerk, by whatever official title he is called ". (See, also, General Construction Law, § 33.) The official relationship between the Commissioner of Education and the Board of Regents is well documented in the Education Law (Education Law, §§ 101, 305, 204). The official rules of the Board of Regents require the Commissioner of Education to be present at all meetings of the Regents and further specifically require the Commissioner to keep a journal of the proceedings of the Regents and after having received approval from the board to have copies thereof bound for permanent preservation (8 NYCRR 3.1 [d]; 3.4). Paragraph (g) of subdivision 3 of section 314 of the Education Law specifically provides that the decision and order of the Committee of Regents is to be served by the Commissioner of Education upon the other parties to the proceedings.

In our opinion, the relationship of the Commissioner to the Committee of Regents and the Board of Regents is of such a nature as to constitute him secretary or clerk to such bodies within the meaning of CPLR 312 and for purposes of determining the timeliness of service upon such bodies pursuant to CPLR 203. The technical error which required remittal and the service of an amended notice of petition and petition was the failure to specifically name the Committee of Regents or the Board of Regents as a party to the proceeding and in consequence of which such respondents had not appeared in the proceedings.

The petitioner initiated the section 314 proceedings herein nearly three and one-half years ago, in June of 1969. It was apparent from the prior proceedings in this court that if the Commissioner had erred as a matter of law in regard to his power to require the school district's reorganization sought by the petitioner (Education Law, § 1524) that in such event petitioner would be entitled to present evidence in support of its position. On this appeal the counsel for the respondent Commissioner and the respondent committee again contend that the requested school district reorganization would require the consent of the respondent city school district. It is apparent that the issues determinative of the present proceeding in this court are now being fully presented to it by all of the parties.

In our prior decision we found that as a matter of law the respondent Commissioner could order a change in boundaries without the respondent city school district's consent by means of reorganization under section 314 and stated "Petitioner should be granted an opportunity to present evidence as to the merits of its position since the record shows that further hearings had been contemplated by the parties" (37 A D 2d 743, 744). Upon this appeal we reaffirm our prior determination and, accordingly, the matter must be remitted to the respondent Commissioner for further proceedings pursuant to paragraph (d) of subdivision 3 of section 314 of the Education Law.

The judgment should be reversed, on the law, without costs; the order of the respondent Committee of Regents should be annulled, without costs, and matter remitted to the respondent Commissioner of Education for further proceedings not inconsistent herewith.

STALEY, JR., COOKE, SWEENEY and KANE, JJ., concur.

Judgment reversed, on the law, without costs; order of the respondent Committee of Regents annulled, without costs, and matter remitted to the respondent Commissioner of Education for further proceedings not inconsistent herewith.