OPINION OF THE COURT
Edward S. Conway, J.
These are two CPLR article 78 proceedings in which petitioners seek a judgment declaring all action in approving the Pine Circle plat taken by respondents at a meeting held on July 3, 1979 null and void because the Planning Board of the City of Albany (hereinafter referred to as Board) failed to comply with the requirements of the State Environmental Quality Review Act (ECL art 8); null and void as the action was predicated on regulations of the Board not properly enacted under the General Municipal Law; and null and void because the respondents acted in violation of the General Municipal Law and in an arbitrary and capricious manner and abused their discretion in approving the plat.
The League of Women Voters makes a motion to amend the petitions and add them as a party to the proceeding, which motion is hereby granted by consent.
The Built-Mor Realty Corp. makes a motion permitting it to intervene in the proceeding as a party respondent and allowing it to serve its answer, upon the ground that it is a necessary party to the proceeding due to its interest in the subject matter as owner of the Pine Circle subdivision in question. This motion is also granted by consent.
The respondents oppose the petitions and cross-move to dismiss the petitions in point of law on the ground that the petitioners have failed to properly effect service upon the respondents in the first proceeding and upon the further ground that the service of the petition in the second proceeding is untimely and barred by the applicable Statute of Limitations.
Each of these proceedings concerns the approval by the respondent Board of a development in the Pine Bush section within the City of Albany known as Pine Circle.
The Pine Circle plat, containing some 171 residential building lots, was preliminarily approved on October 26, 1978, subject to various caveats adopted by the respondent Board. On March 15, 1979 the Board held a public hearing on the Pine Circle plat.
The Board subsequently convened to act on the Pine Circle *1064 final plat on April 3, 1979. The Board’s decision was as follows: "Chairman Joyce: As I understand the motion, the motion is to approve the plat, the development, as presented contingent upon compliance with the caveats by the County Planning Board and contingent upon accepting lots 90 through 100 surrounding the Kaikaut Kill headwall pending the results of a geotechnical evaluation by an independent soils engineer consultant.
"Mr. Collins: Mr. Joyce, that motion is correct because we have the power of an enabling statute under our ordinance to modify any subdivision, but I would recommend you get the concession of Mr. Hershberg on behalf of the developer to delay beyond 45 days with respect to the lots which are not now being approved and if you will consent on the record we can go.”
A favorable geotechnical report on lots 90 through 100 was subsequently received by the Board on May 17, 1979. On May 25, 1979 the chairman of the Board advised the engineer of respondent Built-Mor Corp. that the geotechnical report was favorable and affixed the stamp of approval to the plat. Subsequently the entire Board met on July 3, 1979 and concurred in Chairman Joyce’s approval and a motion was passed removing the condition of a favorable geotechnical report with respect to the last 10 lots in question.
On August 2, 1979 the petitioners commenced the first of the instant proceedings by serving a copy of the notice of petition and petition upon Raymond F. Joyce by leaving a copy of the pleadings with one of his children and mailing a copy of the pleadings to his home postmarked August 3, 1979, ostensibly pursuant to CPLR 308 (subd 2).
The respondents contend that the service is defective in that it should have been delivered personally to Raymond F. Joyce or any one of the members of the Board.
This court must agree with the contention of the respondents. The respondent herein is actually the Planning Board of the City of Albany. CPLR 312 sets forth how jurisdiction shall be obtained over the Board:
"§ 312. Personal service upon a court, board or commission
"Personal service upon a court consisting of three or more judges may be made by delivering the summons to any one of them. Personal service upon a board or commission having a chairman or other presiding officer, secretary or clerk, by whatever official title he is called, may be made by delivering *1065 the summons to him. Personal service upon any other board or commission shall be made by delivering the summons to any one of the members.”
The personal delivery to Raymond F. Joyce’s son does not constitute valid personal service even though the pleadings subsequently came into the possession of the person to be served (see McDonald v Ames Supply Co., 22 NY2d 111). The petitioners failed to avail themselves of any "due diligence” doctrine by attempting to serve other members of the Board who were easily accessible, nor did they show that Raymond F. Joyce tried to evade service (see Buscher v Ehrich, 12 AD2d 887).
Therefore, this court concludes that the court acquired no jurisdiction over the respondents in the first proceeding and the cross motion to dismiss same is granted.
The second proceeding was commenced on September 21, 1979. The respondents contend that this proceeding should be dismissed as being untimely and violative of the 30-day Statute of Limitations.
This court must agree with this contention of the respondents. The Statute of Limitations that applies is set forth in section 38 of the General City Law:
"§ 38. Boards of appeal
"Any person or persons, jointly or severally aggrieved by any decision of the planning board concerning such plat or the changing of the zoning regulations of such land, or any officer, department, board or bureau of the city, may obtain a review in the manner provided by the civil practice law and rules provided the proceeding is commenced within thirty days after the filing of the decision in the office of the board.”
The final approval of the Pine Circle subdivision was given at the meeting of April 3, 1979, with the exception of lots 90 through 100 which were approved on the condition of a favorable report by an independent soil engineer. That condition was removed and lots 90 through 100 were approved and filed in the office of the Board at a meeting of July 3, 1979. Therefore, the second proceeding commenced on September 2, 1979 by petitioners is not timely commenced and must be dismissed pursuant to the limitation contained in section 38 of the General City Law.
Therefore, the cross motion of the respondents to dismiss the second proceeding is also granted.