■ In the Matter of MADELEINE J. HEINISCH, Appellant, v GERARD P. GOEHRINGER et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent members of the Southold Town Board of Appeals (hereinafter the board), dated September 17, 1984, which granted the respondent J. P. Huberman a variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), dated October 3, 1985, which, after a hearing, granted the board's motion to dismiss the petition for lack of personal jurisdiction.

Judgment affirmed, without costs or disbursements.

The facts adduced at the traverse hearing reveal that the process server delivered the notice of petition and petition to an employee of the Building Department of the Town of Southold. The process server testified that he unsuccessfully attempted service upon two board members. He then went to the Southold Town Hall and, after checking the directory at the front entrance, he proceeded to a counter where he spoke to a woman seated behind the counter and advised her that he wanted to serve papers on the board. The process server gave the woman the notice of petition and petition for which she gave him a receipt bearing the stamp of the Building Department of the Town of Southold. Without further inquiry, the process server left. Special Term found no evidence that the woman served with the notice of petition and petition had authority to accept service for the board. We agree.

CPLR 312 provides, *inter alia,* that the personal service upon a board may be effected by delivery of the summons to the "chairman or other presiding officer, secretary or clerk" or "to any one of the members" of the board. In construing a similar provision contained in CPLR 311 (7), we stated that "where the Legislature has designated a particular public officer for the receipt of service of process, we are without authority to substitute another" *(Matter of Franz v Board of Educ.,* 112 AD2d 934, 935).

At bar, the petitioner did not effectuate service upon a person designated in CPLR 312. Therefore, the service was ineffective to confer personal jurisdiction over the board notwithstanding the fact that the notice of petition and petition were later redelivered to the board *(see, McDonald v Ames*

*Supply Co.,* 22 NY2d 111, 114-115). This case does not involve service upon a corporation pursuant to CPLR 311, the provisions of which may be liberally construed *(see, Fashion Page v Zurich Ins. Co.,* 50 NY2d 265; *Conroy v International Term. Operating Co.,* 87 AD2d 858, 859). Therefore, the exceptions to the general rule with respect to redelivery of pleadings *(see, e.g., Bradley v Musacchio,* 94 AD2d 783; *Daniels v Eastman,* 87 AD2d 882; *Conroy v International Term. Operating Co., supra; Green v Morningside Hgts. Hous. Corp.,* 13 Misc 3d 124, 125, *affd* 7 AD2d 708) are inapplicable to the facts of this case. Thompson, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.