■ In the Matter of DEOANAND GOSINE et al., Appellants, v JOSEPH RUSSO et al., Respondents.

The uncontroverted evidence adduced at the hearing reveals that on May 17, 1985, the last day upon which the instant proceeding could be timely commenced by the petitioners, the board's acting chairman met the attorney for the petitioners at a real estate closing. After the acting chairman requested service of the petition, the petitioners' attorney suggested that service be made upon the Corporation Counsel's office, which represents the board in legal matters. The chairman indicated that this method of service would be acceptable, stating "[t]hat's fine with me. I would prefer that you served them and not serve me". Based upon this statement, the attorney for the petitioners delivered the petition to an Assistant Corporation Counsel who accepted service. The board subsequently moved to dismiss the petition for lack of personal jurisdiction, and the Supreme Court, Westchester County, granted the motion. We now reverse.

While we agree with the hearing court that service was not made in accordance with the requirements of CPLR 312 (see, e.g., Matter of Heinisch v Geohringer, 121 AD2d 721; Matter of Sengstacken v Zoning Bd. of Appeals, 87 AD2d 651; Matter of Beck v Goodday, 24 AD2d 1016), we find that the statements made by the acting chairman to the petitioners' attorney establishes that he, a proper person to be served (CPLR 312), expressly consented to the method of service employed (see, Roa v Westchester County Playland Commn., 34 AD2d 818, affd 28 NY2d 873). Hence it would be manifestly unfair to dismiss the petition for lack of jurisdiction under these circumstances. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.