■ In the Matter of LINDA M. DE RUSSO, Appellant, v CITY OF ALBANY BOARD OF ZONING APPEALS, Respondent.—Mahoney, P. J. Appeals (1) from a judgment of the Supreme Court (Klein, J.), entered February 11, 1988 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for lack of jurisdiction, and (2) from a judgment of said court, entered April 18, 1988 in Albany County, which, *inter alia,* upon granting petitioner's motion for reargument, adhered to its original decision.

Petitioner, the owner of real property in the City of Albany, initiated a CPLR article 78 proceeding to challenge an unfavorable zoning determination of respondent. The notice of petition and verified petition were served personally upon the Director of the city's Planning Office and upon the city's Corporation Counsel. Respondent's motion to dismiss the petition for lack of jurisdiction was granted. Petitioner moved to renew and reargue. Supreme Court denied that part of the

motion seeking renewal but granted reargument. Upon reargument Supreme Court adhered to its original decision. Petitioner appeals from the judgment entered dismissing her petition and from the judgment entered adhering to the original decision upon reargument.

The sole issue on this appeal is whether petitioner's method of service meets the statutory requirements of CPLR 312. That statute provides, *inter alia,* that personal service upon a board such as respondent may be effectuated by delivery of the summons to the "chairman or other presiding officer, *secretary or clerk, by whatever official title he is called"* (CPLR 312 [emphasis supplied]). Courts are reluctant to construe delivery of process on persons other than those specifically authorized or qualified as effective service *(see, e.g., Matter of Heinisch v Goehringer,* 121 AD2d 721; *Matter of Save the Pine Bush v Planning Bd.,* 101 Misc 2d 1062, 1064-1065, *affd* 83 AD2d 698, *lv denied* 54 NY2d 610). But there are instances where the facts lend themselves to interpretive analysis productive of a reasonable conclusion that it is more prudent to recognize reality and the needs of justice rather than adherence to technical statutory requirements, particularly if such requirements are not serious or prejudicial *(see,* CPLR 2001; *Matter of Board of Trustees v Commissioner of Educ. of State of N. Y.,* 33 NY2d 601; *Matter of Gosine v Russo,* 124 AD2d 803, *lv dismissed* 70 NY2d 744).

Here the city's Planning Office provided respondent's fee schedules to the public, accepted the required fees, provided respondent's appeal forms to the public and determined the adequacy of the appeal forms on behalf of respondent. Further, the legal notice of respondent's hearings stated, "This proposal being more particularly described in said application filed with the City Planning Office." Finally, it is clear that the Director of the city's Planning Office accepted service of petitioner's notice of petition and verified petition on behalf of respondent. We conclude that these activities are those normally identified as duties associated with a board's "secretary or clerk" and, in the case at bar, clothed the city's Planning Office and its Director with the authority to accept service of process on behalf of the respondent pursuant to CPLR 312.

Since we have concluded that there was effective service of process on respondent, it is unnecessary to discuss the appeal from the judgment which adhered to the original determination upon reargument.

Judgment entered February 11, 1988 reversed, on the law, with costs, and motion denied.

Appeal from judgment entered April 18, 1988 dismissed, as academic, with costs to petitioner. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.