OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioner seeks a judgment reversing a decision of the City of Albany Zoning Board of Appeals dated June 26, 1989 which denied petitioner’s application for a variance for premises 209 Jefferson Street, Albany, New York.
The respondent Zoning Board of Appeals (hereinafter referred to as ZBA) makes a cross motion to dismiss the petition *548 on an objection in point of law that the court has no jurisdiction over the respondent.
The proceeding brought by petitioner sought an area variance of 12 Vi feet from the 80-foot lot depth requirement of the R-3H zoning within the City of Albany. A public hearing was held on January 9, 1989. On February 12, 1989 the ZBA issued its decision denying the petitioner’s request for a variance. Petitioner commenced an article 78 proceeding seeking a review of the ZBA decision. The matter was heard by the Honorable William F. McDermott who, on May 10, 1989, ordered that the matter be remanded to the ZBA for a rehearing due to defects in the record. On June 26, 1989, the ZBA issued its decision, again denying petitioner’s request for a variance.
The respondent contends that this court has no jurisdiction over the ZBA because there was never any proper service on any of the respondents of the petition and notice of petition and, therefore, no action has been commenced.
This court must agree with the contentions of the respondent. Service on the ZBA was not made in accordance with the requirements of CPLR 312, and service on the City Clerk and/or the Corporation Counsel of the City of Albany does not meet the requirements of the section. The case relied upon by the petitioner (Matter of Gosine v Russo, 124 AD2d 803, 804) is not in point because in that case a statement made by the acting chairman of the ZBA of the City of White Plains to serve the Corporation Counsel as a proper party rather than the chairman of the Board was relied upon by petitioner. The court held that his statements established that he, a proper person to be served pursuant to CPLR 312, expressly consented to the method of service employed. “Hence it would be manifestly unfair to dismiss the petition for lack of jurisdiction under these circumstances.” (Matter of Gosine v Russo, supra, at 804.)
In the instant case, the statement relied on was allegedly made by a Deputy Corporation Counsel in a telephone call by the attorney for the petitioner. The case is distinguishable on its facts. The service is defective and the petition must be dismissed for lack of jurisdiction. The cross motion of the respondent to dismiss the petition is granted.