In the Matter of LONG ISLAND TEEN CHALLENGE, INC., Doing Business as FREEDOM CHAPEL, Appellant, v TOWN OF COEYMANS et al., Respondents. [869 NYS2d 704]—

Mercure, J.P.

Petitioner, a not-for-profit corporation engaged in religious activities in the Town of Coeymans, Albany County, seeks to annul a determination of respondent Town of Coeymans Zoning Board of Appeals (hereinafter ZBA) directing petitioner to cease and desist operating its drug and alcohol recovery program until it obtains a variance or special use permit. Although the notice of petition and verified petition were served personally on respondent Town Building Inspector in his office, respondents moved to dismiss the petition for lack of jurisdiction, claiming ineffective service of process. Petitioner cross-moved for an extension of time to effect service. Following a traverse hearing, Supreme Court denied petitioner's cross motion and granted respondents' motion dismissing the petition. Petitioner appeals.

Pursuant to CPLR 312, service upon a zoning board of appeals may be effectuated by delivery of the notice of petition to its chairperson or presiding officer, its secretary or clerk, or the town clerk. Petitioner's service of the petition on the Town Building Inspector, therefore, did not technically satisfy the statutory requirement. Furthermore, we note that "[c]ourts are reluctant to construe delivery of process on persons other than those specifically authorized or qualified as effective service" (*Matter of De Russo v City of Albany Bd. of Zoning Appeals*, 147 AD2d 836, 837 [1989]; *see Matter of J & G Cent. Auto Collision v Zoning Bd. of Appeals of Inc. Vil. of Val. Stream*, 210 AD2d 407, 408 [1994], *lv denied* 85 NY2d 807 [1995]; *Matter of Heinisch v Goehringer*, 121 AD2d 721, 721-722 [1986]; *Matter of Franz v Board of Educ. of Elwood Union Free School Dist.*, 112 AD2d 934, 934-935 [1985], *lv denied* 67 NY2d 603 [1986]). We

have recognized, however, "instances where . . . it is more prudent to [acknowledge] reality and the needs of justice rather than adherence to technical statutory requirements" (*Matter of De Russo v City of Albany Bd. of Zoning Appeals*, 147 AD2d at 837; *see* CPLR 2001; *Board of Trustees of Common School Dist. No. 2 of Town of Dickinson v Commissioner of Educ. of State of N.Y.*, 40 AD2d 239, 242 [1972], *affd* 33 NY2d 601, 603 [1973]).

Here, the Town Building Inspector's office performs all administrative tasks on behalf of the ZBA, which does not have its own administrative staff but, in fact, shares a secretary with the Building Inspector. These duties include providing the appeal forms to the general public, processing the forms and ensuring that the forms are properly completed, as well as compiling support material for use at the ZBA's monthly meetings and collecting fees. The Building Inspector also attends and participates in the ZBA's meetings. Inasmuch as the nature of this relationship is sufficient to constitute the Building Inspector as the "clerk" or "secretary" for the ZBA within the meaning of CPLR 312 (*see Matter of De Russo v City of Albany Bd. of Zoning Appeals*, 147 AD2d at 837; *Board of Trustees of Common School Dist. No. 2 of Town of Dickinson v Commissioner of Educ. of State of N.Y.*, 40 AD2d at 242), and the record evinces that the ZBA was not prejudiced by service on the Building Inspector, we conclude that service was properly effectuated herein. In light of our decision, petitioner's remaining claims are academic.

Spain, Carpinello, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted respondents' motion; said motion denied; and, as so modified, affirmed.